## WINKLER et al. v. NEW YORK EVENING JOURNAL, Inc., et al.

### Civil No. 173.

District Court, E. D. New York.

May 1, 1940.

Vincent A. O'Connor, of New York City (Abraham L. Pomerantz, of New York City, of counsel), for plaintiffs.

James Carroll, of New York City (Alfred H. Wasserstrom, of New York City, of counsel), for defendants.

BYERS, District Judge.

The plaintiffs move for an order pursuant to Federal Rules of Civil Procedure 12(d), 28 U.S.C.A. following section 723c, requiring a hearing and determination before trial of the issue raised by defendants in their answers, of whether plaintiffs plead a claim upon which relief can be granted.

The complaint asserts sixteen alleged causes of action for copyright infringement, in that the defendants infringed certain drawings of comic pictures said to have been protected by copyright, by publishing cartoon strips constituting an appropriation of plaintiffs' copyrighted work, both as to plot and character.

In addition to denying the infringement, the defendants deny compliance on the part of the plaintiffs' alleged predecessor with the requirements of the United States copyright statutes, and that such predecessor gave notice to the public by marking the notice of the copyright as required by the statute, in the publications referred to in the bill of complaint. Further, that prior to the dates of the alleged acts of infringement, the plaintiffs' predecessor published or sold in the United States the periodical referred to in the complaint, without inserting or affixing a copyright notice as required by law.

Further, that by reason of the foregoing, the plaintiffs'' alleged predecessor lost common law protection in and to the subject-matter.

Further, that the plaintiffs' alleged predecessor published or sold the foregoing without inserting or affixing the copyright notice required by statute, whereby no statutory copyright was secured.

For a separate defense "in point of law arising upon the face of the bill of complaint herein, said defendant alleges that said bill fails to state facts sufficient to constitute valid causes of action, and that said bill is otherwise defective because of non-joinder of parties in that the plaintiffs have failed to plead the pertinent provisions of German Law pursuant to which the plaintiffs" assert. their succession to the status alleged in the bill.

The bill was filed on January 16, 1939, and the answers on February 25, 1939, but the cause has never been placed on the calendar for trial.

Subdivision (d) of Rule 12 provides that defenses enumerated in six subdivisions of paragraph (b) thereof, whether made in a pleading or by motion, shall be determined before trial on application of either party "unless the court orders that the hearing and determination thereof be deferred until the trial".

The only one of the said six defenses to which this motion is said to apply is comprehended in subdivision (6), namely, "failure to state a claim upon which relief can be granted".

Manifestly that is intended to indicate the proper practice for presenting a defense in law (demurrer) and obviously it affords to a party wishing to challenge the last prior pleading for legal sufficiency, the opportunity to do so, in a motion addressed to that issue.

The answers in this case cannot be read as though they were equivalent to former demurrers.

The eleventh paragraph merely points out an alleged deficiency in the bill in the respects quoted, but no reason is shown

to justify the plaintiffs' insistence that the defendants shall proceed to demonstrate the correctness of their pleading as to that allegation.

A reading of the affidavits pro and con, together with the memoranda which have been submitted in connection with this motion, indicates that the plaintiffs, would be glad to have an early disposition made of one issue which is clearly raised, namely, the true facts as to the plaintiffs' asserted compliance with the requirements of the copyright law in respect of the publishing in this country of the named publication by the plaintiffs' predecessor, said to embody the subject-matter of this litigation, accompanied by copyright notice. That is an integral part of the plaintiffs' affirmative case. Public Ledger Co. v. Post Printing & Publishing Co., 8 Cir., 294 F. 430; Davenport Quigley Expedition, Inc. v. Century Productions, D.C., 18 F.Supp. 974, at page 977.

The procedure urged by the plaintiffs is calculated to extract from the entire case an important element, and invite the court to dispose of it as a preliminary step to the trial of all of the issues.

That this is an unreasonable request will be seen when it is understood that, even if that issue should be resolved in favor of the plaintiffs, it would not follow that a final decree would have to be awarded to them; perhaps if they failed, the litigation would come to an end. That, however, does not demonstrate their right to prevail on this motion.

Their memorandum refers to Rule 42 (b), having to do with consolidation and separate trials; as to the latter the provision is: "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counter-claim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counter-claims, third-party claims, or issues."

This motion is not based upon that Rule but if it were the result would be the same, since no separate issue is raised by these pleadings.

However convenient short cuts may be, it is not thought that the office of the Rules as a whole was to promote the fragmentary and separate trials of issues that require coherent presentation for their just determination.

Motion denied. Settle order.