**Lawrence BERNARDO, Plaintiff,**

v.

**BETHLEHEM STEEL CO., Defendant.**

United States District Court
S. D. New York.
Jan. 21, 1959.

Jacob Rassner, New York City, for plaintiff, Irwin Asofsky, New York City, Lawrence Levitt, Kew Gardens, N. Y., of counsel.

Mendes & Mount, New York City, for defendant, Frank A. Bull, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge.

Defendant moves to dismiss the complaint pursuant to Rule 12(b) (1) and (6), F.R.Civ.P., 28 U.S.C., for lack of jurisdiction of the subject matter, and for failure to state a claim upon which relief can be granted. It moves in the alternative for summary judgment under Rule 56(b).

Plaintiff sues for personal injuries suffered while he was employed by defendant allegedly "in the performance of work traditionally performed by seamen" and while "engaged in repairing

a structure, which structure was one employed in aid of navigation, and at which time the plaintiff was working on or about the navigable waters of the United States".

The omnibus complaint advances about as many theories of jurisdiction and liability as could be thought of. It alleges diversity of citizenship and also that plaintiff was a seaman entitled to the benefits of the Jones Act. 46 U.S. C.A. § 688. It charges defendant with negligence, failure to provide a safe place to work and unseaworthiness in violation of the Jones Act, the general maritime law, the common law, and Section 240 of the New York Labor Law, McKinney's Consol.Laws, c. 31, in that the scaffold from which plaintiff fell was unsafe, insecure and lacked proper guard rails and adequate illumination. Plaintiff seeks damages in the sum of $350,-000 for his resulting injuries. A second cause of action seeks $50,000 for maintenance and cure.

The affidavits submitted by the parties do not add much to the picture presented by the complaint.

Plaintiff states that he was a welder, that the scaffold had been set up on the outside of a floating drydock which had been moved to the place of the accident just prior to the time when work started on it; that he alternated between working on the drydock and on various vessels in the water nearby; that he did not work upon shore, and that all of his work was on navigable waters, and was of the type commonly done by seamen. He further states that he was a member of the Maritime and Shipyard Workers Union; that all of his duties during the time he worked in the defendant's shipyard required him to work aboard various vessels while they were on navigable waters and on some occasions while the vessels were in floating drydocks, and that his work always required him to be upon vessels or structures used in navigation or as aids to navigation.

An assistant manager of defendant's shipyard states that at the time of his injuries plaintiff was engaged in the reconstruction of a drydock which was out of commission, that he was working on one of the wings of the drydock which was being converted from wood to steel, that he had never been employed by the defendant as a seaman and that he was paid compensation for his injuries under the New York Workmen's Compensation Law, McKinney's Consol.Laws, c. 67. The assistant foreman also states that, while there were no eyewitnesses, he understood that the accident occurred on a pier adjacent to the drydock wing wall on which plaintiff had been working.

Defendant maintains that it appears from the face of the complaint, and if not there, from the affidavits it has submitted, that plaintiff has no cause of action under the Jones Act. It urges that upon the pleadings and the facts now before the court plaintiff cannot be considered to have been a member of the crew of a vessel and the drydock cannot be considered to be a vessel. It urges that plaintiff's only rights against defendant are exclusively under either the New York Workmen's Compensation Law or the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., which both exclude all other rights and liabilities including those which are the subject matter of the complaint.

Plaintiff, on the other hand, maintains that the complaint states good causes of action for a maritime tort for which he is entitled to recover both under the Jones Act and under the general maritime law, and that, if he is not, he has alleged a good cause of action under § 240 of the New York Labor Law making it mandatory for an employer to furnish proper protection for employees working on scaffolding and staging.

■ The controlling question here is whether the complaint states a colorable claim under the Jones Act, and whether there are any triable issues of fact as to that cause of action. If there are, the claims under the general maritime law and for maintenance and cure are now regarded as "pendent" to the

Jones Act claim and are triable to the same jury which hears the Jones Act claim. Bartholomew v. Universe Tank Ships, Inc., 2 Cir., 263 F.2d 437.

Since the relevant evidence on the Jones Act claim would also cover the other theories of liability urged, there is no added expense or delay to the defendant in leaving these claims open until trial. Cf. Altman v. Curtiss-Wright Corp., 2 Cir., 124 F.2d 177. Summary judgment may be denied in the exercise of sound discretion where a portion of an action ripe for summary judgment "is intertwined with another claim(s) that must be tried * * *." 6 Moore, Federal Practice, 2165. This is particularly apt here since the evidence on the Jones Act claim may show that state and not federal law should be applied. Hahn v. Ross Island Sand & Gravel Co., 79 S.Ct. 266.

To recover under the Jones Act plaintiff must establish that he was "a member of the crew of a vessel" plying on navigable waters in furtherance of commerce, the Jones Act having been limited to persons in that status by the later Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. See Swanson v. Mara Bros., Inc., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045; Senko v. LaCrosse Dredging Corp., 352 U.S. 370, 77 S.Ct. 415, 1 L. Ed.2d 404. It appeared until quite recently that the contours of this requirement had been quite well worked out by the cases defining a Jones Act plaintiff as "a man who goes to sea, a member of a ship's company, * * * a person employed upon a floating structure which is a vessel". See Gelhorn and Black, The Law of Admiralty (1957) p. 282; cf. Desper v. Starved Rock Ferry Co., 342 U.S. 187, 72 S.Ct. 216, 96 L.Ed. 205.

However, the most recent authorities indicate that although these definitions may remain unchanged, the concept of what constitutes a member of a crew and what constitutes a vessel is an expanding one. Moreover, these cases make it clear that the question of whether or not the plaintiff is a "member of a crew of a vessel" is a question of fact for determination by a jury, and a jury finding on the question should rarely be disturbed. See Grimes v. Raymond Concrete Pile Co., 356 U.S. 352, 78 S.Ct. 687, 2 L.Ed.2d 737; Texas Co. v. Gianfala, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775; Senko v. LaCrosse Dredging Co., supra; Weiss v. Central R. Co., 2 Cir., 235 F.2d 309. Cf. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732, as cited in Grimes and Gianfala.

Here the complaint expressly alleges that plaintiff is a seaman, which is the language used in the Jones Act, 46 U.S.C.A. § 688. In the light of the recent authorities it cannot be said, on the basis of the very limited facts presented in the moving affidavits, that there is no triable issue of fact here as to whether the plaintiff was a member of a crew of a vessel. If there is any doubt about the existence of such an issue it would be most unwise to attempt to determine the question without a full exploration of all the relevant facts and circumstances. For the authorities have not given any clear indication of where the line should be drawn or where the expansion of the concept should be halted.

It is therefore plain, without going further, that both the motion addressed to the complaint and the motion for summary judgment must be denied. Arnstein v. Porter, 2 Cir., 154 F.2d 464; Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130.

So ordered.