**Sherman BURGANS, Plaintiff,**

v.

**NEW YORK CENTRAL RAILROAD COMPANY, Defendant.**

United States District Court
S. D. New York.

March 20, 1961.

Seymour M. Rowen, New York City, for plaintiff. Seymour L. Colin, New York City, of counsel.

Gerald E. Dwyer, New York City, for defendant.

SUGARMAN, District Judge.

Plaintiff moves "for an order striking out defendant's answer and directing the entry of summary judgment in favor of the plaintiff upon the cause of action set forth in the complaint * * *."

The motion is denied.

1. Neither party has complied with General Rule 9(g) of this court.

█ 2. If the motion is intended as one for summary judgment on the whole claim, the nature and extent of plaintiff's injuries cannot be determined and evaluated on this motion.

█ 3. If the motion is intended as one for an interlocutory summary judgment on the issue of liability under F.R. Civ.P. 56(c), 28 U.S.C.A.:

(a) A triable issue of liability is presented as to the speed of the engine when it struck the sleeper in which plaintiff was working.

On May 4, 1959 plaintiff described the impact as "a terrible crash" that threw him "about 10 feet down the aisle of the car".

On May 5, 1959 engineer Williamson described the impact as one which occurred when "I stopped as we bumped ends with the cars. We was going about as fast as a person could walk * * * about four miles an hour". Fireman Doty described the impact as one where he (Williamson) "bumped the sleeper car which we couldn't have moved more than two or three feet * * * three to four feet at the very most * * * we were going at a slow speed".

(b) Another triable issue of liability is presented as to the plaintiff's injury at the time of the occurrence.

On May 4, 1959 plaintiff stated that the jolt "knocked me unconscious for a few minutes, I don't know exactly how long, * * * I left the car and went out on the platform".

On May 5, 1959 engineer Williamson and fireman Doty both stated that they remained at the scene about 10 or 15 minutes after the impact and during that time saw no one who claimed to have been injured.

4. If the motion is intended as one for partial summary judgment as to uncontested fact issues under F.R.Civ. P. 56(d) such applications are not looked upon with favor.[1]

> "When a Court enters a partial, interlocutory summary adjudication, pursuant to Rule 56(d), it does not render a final judgment which is appealable, but only an order as to uncontroverted facts, which, being interlocutory, is subject to revision or modification. Coffman v. Federal Laboratories, Inc., 3 Cir., 171 F.2d 94, 98, certiorari denied 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076. The partial, interlocutory summary adjudication is merely a pretrial determination that certain issues are considered established for the trial of the case, and is similar to the preliminary order under Rule 16. Its purpose, like that of the pre-trial order, is to expedite litigation."[2]

The granting of such relief does not expedite the final disposition of the action because the cause would nonetheless under our Calendar Rules be required to advance in normal course on the calendar for trial.

It is so ordered.

---

1. Chorbajian v. Pan American World Airways, D.C.S.D.N.Y., 19 F.R.D. 321; United States v. Copacabana, Inc., D.C. S.D.N.Y., 17 F.R.D. 297; Bernardo v. Bethlehem Steel Co., D.C.S.D.N.Y., 169 F.Supp. 914.

2. E. I. DuPont De Nemours & Co. v. United States Camo Corp., D.C.S.D.N.Y., 19 F.R.D. 495, 498.