Lawrence **BERNARDO**, Plaintiff,

v.

**BETHLEHEM STEEL COMPANY,**
**Defendant.**

United States District Court
S. D. New York.

Dec. 1, 1961.

Jacob Rassner, New York City (Theodore H. Friedman, New York City, of counsel), for plaintiff.

Mendes & Mount, New York City (Frank A. Bull and Daniel Huttenbrauck, New York City, of counsel), for defendant.

CROAKE, District Judge.

In this action the plaintiff, Lawrence Bernardo, seeks to recover damages from his employer, Bethlehem Steel Company, the defendant, for injuries resulting from an accident which occurred when he was engaged in doing welding work on a floating drydock owned by the defendant.

The complaint asserts two causes of action. In the first cause of action, plaintiff alleges that defendant has been negligent in not providing a reasonably safe place to work, and that in so doing has violated Section 240 of the New York State Labor Law, McKinney's Consol. Laws, c. 31, its common-law obligations, and its duties as an employer under the general maritime law. Plaintiff demands damages for his injuries and loss of earnings resulting from defendant's alleged misconduct. In the second cause of action plaintiff realleges the averments of the first cause of action and, additionally, claims all benefits due to seamen under the general maritime law including reasonable expenses for maintenance and cure.

In support of these allegations, plaintiff asserted his primary contention that, at the time of the alleged accident, the floating drydock was a vessel, and that he was a member of the crew of the floating drydock, and is therefore entitled to the remedies afforded to him under the Jones Act, 46 U.S.C.A. § 688 and the general maritime law.

Defendant contends that its floating drydock was not a vessel and that plaintiff was not a seaman at the time of the alleged accident. Consequently, defendant maintains that plaintiff's remedies

against defendant are limited to the New York Workmen's Compensation Law, § 1 et seq. or the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S. C.A. § 901 et seq.

Earlier in this litigation defendant moved to dismiss the complaint under Rule 12(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. or, alternatively, for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure on the grounds that plaintiff has no cause of action under the Jones Act, supra, or the general maritime law. Defendant's motion was denied in an opinion of this Court (per Bryan, D. J.) reported at 169 F.Supp. 914 (D.C.S.D.N.Y.1959) on the grounds that the issues of whether defendant's drydock was a "vessel" and whether plaintiff was a "member of a crew" of a vessel, as those terms are defined in connection with the Jones Act and the general maritime law, could not be determined "without a full exploration of all the relevant facts and circumstances." 169 F.Supp. at 917.

■ At the commencement of the trial, defendant's attorney moved for a separate trial, pursuant to Rule 42(b) on the following two issues: first, whether the drydock was a vessel and second, whether plaintiff was a member of a crew. Rule 42 reads in part as follows:

"(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim * * * or of any separate issue * * * or issues."

Thus the language of Rule 42(b) specifically authorizes a separate trial of issues.

These two issues were easily severable and the relevant evidence did not significantly overlap with the evidence which plaintiff would have had to present in order to prove the other elements of his case. See Michael Rose Productions, Inc. v. Loew's, Inc., 19 F.R.D. 508 (D.C. S.D.N.Y.1956); cf. Winkler v. New York Evening Journal, 32 F.Supp. 810 (D.C. E.D.N.Y.1940). A trial of these issues avoided the unnecessary burden and expense of a lengthy trial of the negligence of defendant, the seaworthiness of the drydock, and the extensive medical proof involved in proving the extent of injuries until it was first determined that plaintiff was entitled to the remedies claimed. It may be noted that a separate trial of issues is often used when defendant asserts a defense which would be dispositive of the whole case and which is easily tried separately. See 5 Moore, Federal Practice, pp. 1214–1216 (1951). Although the issues designated for separate trial are part of plaintiff's affirmative case, the determination of these two questions unquestionably controlled the disposition of all claims asserted by plaintiff in his complaint. The plaintiff alleges that the injuries sustained by him were extensive. It is therefore doubtful whether a jury could have made an impartial determination of these questions if the case were tried as a single entity. On the other hand, no prejudice resulted to the plaintiff by adopting this procedure. If the issues had been decided favorably to plaintiff, he would have then proceeded to prove the other elements of his case. If anything, a trial in this fashion simplified the presentation of plaintiff's proof. Thus, in the opinion of this Court, the circumstances of this case must have been within the contemplation of the framers of Rule 42(b), and a separate trial was warranted. Accordingly defendant's motion was granted. See 5 Moore, Federal Practice, pp. 1211–1218 (1951). It was determined that the following were the primary issues to be tried:

1. Was the floating drydock owned by defendant Bethlehem Steel Company a vessel engaged in navigation on navigable waters?

2. Was plaintiff Lawrence Bernardo a member of a crew of the floating drydock on April 19, 1956, the date of his injury?

After hearing all the evidence presented by plaintiff and defendant and in-

structing the jury as to the applicable law, interrogatories on the two issues were submitted to the jury. The jury answered both interrogatories in the negative. Thus the jury made factual findings that the floating drydock was not a vessel and that plaintiff was not a member of the crew of a vessel.

After the Court received the special verdict of the jury, defendant moved that the Court enter judgment in favor of defendant on all causes of action asserted in plaintiff's complaint.

■ Basic to plaintiff's claims under the Jones Act, 46 U.S.C.A. § 688, and the general maritime law are the issues of the status of the drydock as a "vessel" and plaintiff's status as a "member of a crew." Roper v. United States, 82 S.Ct. 5; West v. United States, 361 U.S. 118, 80 S.Ct. 189, 4 L.Ed.2d 161; Desper v. Starved Rocks Ferry Co., 342 U.S. 187, 72 S.Ct. 216, 96 L.Ed. 205 (1952); Swanson v. Marra Bros., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045 (1946). An employee alleging claims against his employer under the Jones Act or the general maritime law may be performing duties which contribute to the function or maintenance of a vessel, but this alone does not suffice to entitle such an employee to the remedies available under the Jones Act or the general maritime law.

■ In determining whether the plaintiff is entitled to the relief claimed, the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 903 et seq., must be read together with the existing body of maritime law. If an employee is covered by the provisions of the Longshoremen's and Harbor Workers' Compensation Act, the remedies provided in said Act are his exclusive remedies against his employer for injuries sustained in the course of his employment. Swanson v. Marra Bros., supra at p. 6, 66 S.Ct. 869. However, 33 U.S. C.A. § 903(a) provides that the benefits of the Act shall not extend to a member of a crew of any vessel.

■ Thus, in order for plaintiff to recover, he must show not only that he was doing work which contributed to the functioning or maintenance of a vessel but also that he was a *member of a crew* of a *vessel.* Further, the nature of plaintiff's employment as a welder on a floating drydock does not put this case in that class of cases where an employee has a status classically associated with that of a seaman, and thus he must simply show that he was injured in the course of his employment. See Braen v. Pfeifer Oil Transportation Co., 361 U.S. 129, 80 S.Ct. 247, 4 L.Ed.2d 191 (1959). In this case the jury was entitled to consider the nature of plaintiff's work at the time of the alleged accident in making their determination as to his status as a crew member.

■ Although recent cases have established a fluid concept as to who is a member of a crew and what is a vessel, Grimes v. Raymond Concrete Pile Co., 356 U.S. 252, 78 S.Ct. 687, 2 L.Ed.2d 737 (1958); Braniff v. Jackson Avenue-Gretna Ferry, Inc., 280 F.2d 523 (5th Cir.1960); Offshore Co. v. Robison, 266 F.2d 769, 75 A.L.R.2d 1296 (5th Cir. 1959), these cases have done no more than establish the principle that when reasonable men might differ as to their conclusion based upon the evidence presented at the trial, the Court should not disturb the finding of fact made by the jury on these issues. We recognize that the rule is not absolute, and in certain cases it is still possible for the Court to direct the verdict where the evidence clearly resolves the issues in favor of either side. See Thibodeaux v. McDermott, 276 F.2d 42 (5th Cir.1960). Indeed, the defendant at the trial of the instant action made such a motion at the close of the evidence presented on behalf of the plaintiff and again at the close of all the evidence. The determination of these issues was, nevertheless, submitted to the jury.

■ The evidence introduced at the trial was such that reasonable men may have concluded that plaintiff's connection

with the drydock at the time of his accident was so spasmodic and temporary in nature that he was not a member of its crew. See Early v. American Dredging Co., 101 F.Supp. 393 (D.C.E.D. Pa.1951). The decision in the Braniff case, supra, does not change this rule but in fact reaffirms the position that there must be more than an irregular connection between an employee and a vessel in order for such an employee to be considered a crew member. This example does not exhaust the range of evidence which was presented at trial from which the jury could have reasonably made the determination that plaintiff was not a member of a crew of a vessel but instead was a shipyard worker temporarily engaged in repair work on the floating drydock.

 Similarly, evidence was presented at trial from which it was reasonable for the jury to determine that the floating drydock on which plaintiff was working was not a vessel. It is true, of course, that almost any watercraft capable of navigation on navigable ·waters may be a vessel. See Gahagan Construction Corp. v. Armao, 165 F.2d 301 (1st Cir.1948). Nor does the vessel have to be engaged in navigation at the precise moment when the accident occurred. See McKie v. Diamond Marine Co., 204 F.2d 132 (5th Cir.1953). However, a craft commonly thought of as a vessel must be committed to navigation on navigable waters by its owner to be considered a vessel as that term is defined under the Jones Act and general maritime law. Frankel v. Bethlehem-Fairfield Shipyard, 132 F.2d 634 (4th Cir.1942), cert. den. 319 U.S. 746, 63 S.Ct. 1030, 87 L.Ed. 1702 (1942). Even a ship which has been committed to navigation may thereafter be removed from such use by its owner. Roper v. United States, supra; West v. United States, supra. Although the Roper and West cases did not involve claims under the Jones Act, the issue of whether the ship in question was a vessel within the meaning of the general maritime law was involved and, as the Supreme Court stated in the Roper case, supra, the standards in determining these issues are the same both under the Jones Act and the general maritime law. At trial, evidence was introduced from which a jury might find that the floating drydock had never been committed to navigation or, if it had been, such use had been discontinued. Plaintiff himself testified that the welding work at the time of his injury was in connection with extensive repairs and overhaul of the drydock. Thus the jury was entitled to consider the extent and nature of these repairs in making its determination as to the status of the drydock at the time of the accident. It may be noted that in this case the issue was more complicated since the drydock was undergoing repairs in defendant's own shipyard. However, the fact that defendant's drydock was undergoing repairs in a shipyard owned by defendant does not alone obviate the possibility that the drydock was no longer in navigation, if indeed it ever had been.

 Plaintiff's claims under the general maritime law are similarly controlled by the jury's findings of fact. Although the doctrine of seaworthiness may be applicable to shore-based employees performing seamen's duties—Seas Shipping Company v. Sieracki, 328 U.S. 85, 66 S. Ct. 872, 90 L.Ed. 1099 (1946); Rogers v. United States Lines, 347 U.S. 984, 74 S.Ct. 849, 98 L.Ed. 1120 (1954)—these cases involve situations wherein the injured employee seeks recovery against a third party who is not his employer. In this case, however, plaintiff is seeking recovery against his employer and, therefore, in order to be entitled to any remedy under the general maritime law, he must demonstrate that he comes within the exclusionary language of the Longshoremen's and Harbor Workers' Compensation Act. Thus the findings by the jury to the effect that plaintiff was not a member of a crew and that the floating drydock owned by defendant was not a vessel excludes the possibility of recovery based upon the general maritime law.

 Since all claims alleged in the complaint are precluded by the findings

of fact of the jury, as evidenced by the answers to the written interrogatories, defendant's motion for a judgment in its favor on all claims alleged in plaintiff's complaint is therefore granted.

This memorandum constitutes the Court's conclusions of law based upon the special verdict of the jury hereinabove described. The Clerk is directed to enter judgment in favor of the defendant against the plaintiff, dismissing the complaint on the merits with costs. So ordered.