Allan A. **RYAN** and Lee Leachman, Comprising a Partnership known as Ankony Farm, Plaintiffs,

v.

Coy **GLENN**, Defendant.

No. EC 7083.

United States District Court,
N. D. Mississippi, E. D.

Dec. 30, 1971.

Robert D. Patterson and C. Michael Malski, Aberdeen, Miss., for plaintiffs.

William S. Turner, Aberdeen, Miss., Fred M. Bush, Jr., Tupelo, Miss., for defendant.

## MEMORANDUM OPINION

KEADY, Chief Judge.

This suit began as one to collect a fixed sum of money due as principal

($27,620.78) and accrued interest ($5,524.16) allegedly payable by defendant under a contract for the sale of a one-half interest in a prize Aberdeen Angus bull named Ankonian Jupiter. Defendant first moved to dismiss for plaintiff's failure to state a claim for relief and for improper venue. The court overruled the motion in both respects. Ryan v. Glenn, 52 F.R.D. 185 (N.D. Miss.1971). Defendant subsequently moved to reopen the issue of venue, but this was denied. By his answer defendant denied he owed the balance demanded because of fraudulent inducements by plaintiffs and counterclaimed for the recovery of all sums paid to plaintiffs ($106,250) under the contract on allegations that, when the contract was made, plaintiffs concealed from him the true facts regarding the bull's potentiality as a breeder and falsely and fraudulently represented that Ankonian Jupiter was a good breeding bull, capable of producing breeding stock, but in the bull's subsequent breeding on approximately 150 occasions not one of his calves turned out to be any good as breeding stock. Plaintiffs entered a reply to the counterclaim denying the claims of fraudulent concealment and misrepresentation.

On September 8, 1971, plaintiffs moved to strike defendant's answer and counterclaim for legal insufficiency and for summary judgment as to the sums of money demanded in their complaint. Defendant on October 28, 1971, responded by moving for summary judgment in his favor on the complaint, again charging that this court was without venue or jurisdiction to hear the cause. Each side filed various affidavits, briefs and other evidentiary materials in support of their respective motions.

▮ It is logical that defendant's present challenge to venue be first considered. There is excellent authority for the view that objection to venue is waived by the assertion of a counterclaim. Rubens v. Ellis, 202 F.2d 415 (5 Cir. 1953). A holding of waiver, however, does not seem fair or equitable where the defendant, as here, timely objected to venue and, upon being overruled and ordered to answer, was obligated to assert a compulsory counterclaim. Indeed, some cases hold that waiver does not result when the counterclaim asserted is a compulsory one. Dragor Shipping Corp. v. Union Tank Car Co., 378 F.2d 241 (9 Cir. 1967); Hasse v. American Photograph Corp., 299 F.2d 666 (10 Cir. 1962); Wright and Miller, Federal Practice and Procedure, § 1397, p. 878. A sounder ground for not reexamining the venue challenge is that this court gave the defendant full opportunity to develop his case for lack of venue, following which the court found facts on conflicting evidence to support venue. Where improper venue is asserted in a Rule 12(b) motion, the defense may properly be heard preliminarily before trial upon the application of any party, unless the court orders that the hearing and determination be deferred until the trial. Rule 12(d). As stated by Professor Moore: "The emphasis of (d) is in the direction of hearing such defenses prior to trial. Certainly it will be advisable generally to decide such defenses as lack of jurisdiction over the subject matter, lack of jurisdiction of the person, improper venue, insufficient process or service of process, or failure to join an indispensable party, promptly after they are raised, and not defer them to the trial." 2A Moore's Federal Practice, § 12.16, p. 2352. Courts should avoid "fragmentary and separate trials of issues that require coherent presentation for their just determination." Winkler v. New York Evening Journal, 32 F.Supp. 810, (E.D.N.Y.1940).

▮ The court's venue was a matter to be orderly settled as provided by Rule 12(d), rather than upon a motion for summary judgment. Heyward v. Public Housing Administration, 238 F.2d 689 (5 Cir 1956). In any case, we have af-

firmatively held that venue existed and thereafter rejected defendant's effort to obtain reconsideration. Notwithstanding, the defendant has proceeded to develop his case for improper venue as though the issue were an open one. Necessarily, a court which has once determined a preliminary issue such as venue is not obliged to retrace its steps and examine the identical contention in the light of new evidence belatedly offered. In short, defendant may not have a second bit at the "venue apple".

■ Even if venue were to be reconsidered, the clear fact is that, however the prior negotiations in New York might be characterized in terms of finality, the parties chose to make a written binding contract which they agreed correctly expressed its terms and was to bear the date of October 22, 1963; and by like formality this contract was subsequently amended November 14, 1963. Both of these writings, which were signed and mailed by plaintiffs from New York, were received, accepted and signed by defendant in Mississippi. These agreements formed the basis of action by the parties including the delivery of the bull by plaintiffs and the making of payments by defendant. It is no less clear that the place of payment under these written contracts was in Mississippi, pursuant to the clearly established custom and practice of defendant's making partial payments by checks mailed from Amory, Mississippi. These ultimate facts are amply supported by evidence and justify our prior conclusion that the "claim arose" within this judicial district so as to confer venue upon this court. 28 U.S.C. § 1391.

■■ We next turn to plaintiffs' motion for summary judgment as to the sums demanded in the complaint. While defendant by his answer denies that he is indebted to plaintiffs, he admits that the purchase price for the one-half interest in the bull was $125,000, and he made payments thereon which total $106,250. He does not claim that he made further payments on the contract. Thus, there is no dispute as to the balance due under the contract, or that it is now in arrears. Even so, this does not make the case appropriate for summary judgment in view of the factual issues which lurk in the defense of fraud asserted by defendant and which are the basis of his counterclaim. We will consider together plaintiffs' motion to strike the defense based on fraud and to strike the counterclaim.

Plaintiffs make a lengthy argument that the evidentiary materials offered to the court, when measured by the applicable substantive law of Mississippi, do not tender a genuine factual issue of fraud, of either concealment or affirmative misrepresentation. Plaintiffs contend that defendant is bound by his deposition testimony that the only statement made to him was one by Leachman that Ankonian Jupiter was "the perfect match" for defendant's breeding program of calves sired by Ankonian Paragon, another bull which defendant was simultaneously purchasing from plaintiffs. Plaintiffs urge that, assuming this statement was made, it was merely an expression of opinion and not fact, and hence not an actionable misrepresentation. Plaintiffs also argue that defendant has utterly failed to show that at the time of the sale, plaintiffs either knew or should have known that Ankonian Jupiter would not turn out to have the breeding qualities that defendant wanted for his herd. Defendant counters that he had the right to rely on the statement as factual since he was buying a breeding program—two prize Aberdeen Angus bulls—on the strength of plaintiffs' recommendations, and plaintiffs, who were recognized experts in the Angus cattle industry, either knew or should have known at the time of sale, from Ankonian Jupiter's ancestry, his pedigree and other cattle of his lineage that he was unfit for defendant's breed-

**558**

ing program. In this connection, defendant points to the proffered testimony of experts as well as plaintiff's own conduct in refraining from using Jupiter for breeding purposes, (although they remained the owner of a one-half interest,) even before his first calves were born.

Thus summarizing the contention of the parties and after reviewing the evidentiary material submitted by both sides, we are unable to say with assurance that the defendant has failed to tender a genuine issue of material fact in support of his defense and counterclaim based upon fraud. The court is not *required* at this juncture to determine whether defendant's evidence is sufficient to withstand a motion for a directed verdict, and in its discretion declines to consider summary disposition on the merits of the case. It is sufficient to conclude that plaintiffs have failed to carry the burden of showing clearly that the facts warranting judgment under applicable substantive law principles are indisputable and that they are entitled to prevail as a matter of law. As we view the evidentiary materials presently before the court, there are various circumstances, either shown or inferred, from which reasonable men may draw different conclusions. Necessarily this properly calls for a determination by the triers of fact. The circumstances to which we allude involve a consideration of the acts and conduct of the parties along with the precise statement or statements uttered, the relative position and standing of the parties in the Aberdeen Angus cattle industry, their respective knowledge and sources of information, and the correct appraisal and evaluation of expert testimony and other technical evidence.

Accordingly, the motions of each side for summary judgment in their favor are denied.