Michael E. STURDEVANT et al., Plaintiffs,

v.

Ada E. DEER et al., Defendants.

No. 75-C-381.

United States District Court, E. D. Wisconsin.

Dec. 9, 1976.

**377**

Mary Kay Baum, Keshena, Wis., for plaintiffs.

Joseph F. Preloznik, Madison, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiffs have moved for an order that this action is maintainable as a class action, and the defendants have moved for an evidentiary hearing on the plaintiffs' motion. The plaintiffs have also moved to join additional defendants pursuant to Rule 25, Federal Rules of Civil Procedure. The defendants have moved for a hearing on the issue of whether they are members of a body constituting an "Indian Tribe exercising powers of self-government" within the meaning of the Indian Civil Rights Act, 25 U.S.C. § 1302. In addition, the defendants have moved for a stay of discovery on the merits pending resolution of challenges to this court's jurisdiction. The plaintiffs' motions will be granted, and the defendants' motions will be denied.

## CLASS ACTION

The plaintiffs, enrolled members of the Menominee Indian Tribe, seek injunctive relief against the defendants in their capacity as members of the Menominee Restora-

tion Committee, Menominee Tribal Enterprises, and Menominee Enterprises Incorporated, for alleged violations of the Indian Civil Rights Act, 25 U.S.C. § 1302, breaches of fiduciary duty, and negligence. Six counts of the amended complaint based on alleged violations of the fifth amendment were dismissed in a decision and order dated February 18, 1976.

The plaintiffs' motion for determination of the maintainability of this action as a class action seeks certification of a class defined as "all Menominees now enrolled and all now living Menominee to be enrolled in the future." In opposing this motion and moving for an oral hearing on the issue of a class action determination, the defendants contend that the plaintiffs have not satisfied the requirements of Rule 23, Federal Rules of Civil Procedure, for maintenance of a class action.

Rule 23, Federal Rules of Civil Procedure, provides in part:

"(a) *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

"(b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: . . . (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole".

The defendants suggest that the class proposed by the plaintiffs fails to meet the numbers requirement of Rule 23(a)(1), although they acknowledge that such a class consists of more than three thousand

people. They argue that the court should look to the number of persons likely to make claims, rather than to the size of the purported class, citing *Herrmann v. Atlantic Richfield Co.,* 65 F.R.D. 585 (W.D.Pa. 1974). While such a test may be applicable to claims for monetary relief, it is inappropriate for claims for injunctive relief, as in the case at bar. Not all members of the proposed class need to be aggrieved by or desire to challenge the defendants' conduct. "In civil rights cases of the nature of the present case, the numerosity requirement is usually satisfied by the showing of a colorable claim by the named plaintiff who is a member of a larger class having potentially similar claims." *Weathers v. Peters Realty Corporation,* 499 F.2d 1197, 1200 (6th Cir. 1974). See also *Jones v. Diamond,* 519 F.2d 1090 (5th Cir. 1975); *Davis v. Weir,* 497 F.2d 139, 146 (5th Cir. 1974); *Norwalk CORE v. Norwalk Redevelopment Agency,* 395 F.2d 920 (2d Cir. 1968). The defendants also suggest that a class action should be disallowed when other methods would be as well-suited. However, the court of appeals for the seventh circuit has stated: "If the prerequisites and conditions of Fed.R.Civ.P. 23 are met, a court may not deny class status because there is no 'need' for it." *Fujishima v. Board of Education,* 460 F.2d 1355, 1360 (7th Cir. 1972).

 The defendants contend that the claims of the representative plaintiffs fail to meet the typicality test of Rule 23(a)(3), since a number of allegations of the amended complaint refer to alleged actions of the defendants which affected only the representative plaintiffs. However, "it is not necessary, as defendant contends, for each and every issue to have been raised by each and every member of the class or class representatives. Rather, it is only necessary that each issue be raised by at least one class representative or, failing that, at least one class member." *Herrmann v. Atlantic Richfield Co.,* supra, p. 592. Moreover, as stated by the court in *Blackie v. Barrack,* 524 F.2d 891, 901 n. 17 (9th Cir. 1975):

"The court is bound to take the substantive allegations of the complaint as true, thus necessarily making the class order speculative in the sense that the plaintiff may be altogether unable to prove his allegations. While the court may not put the plaintiff to preliminary proof of his claim, it does require sufficient information to form a reasonable judgment."

Under these standards, I believe that the plaintiffs have met their burden of showing typicality as required by Rule 23(a)(3).

 The defendants assert that the interests of the representative plaintiffs are antagonistic to the interests of the proposed class and have submitted affidavits from several Menominees which state that those individuals oppose the prosecution of this action by the plaintiffs. Accordingly, the defendants contend that the plaintiffs cannot fairly and adequately represent the class, as required by Rule 23(a)(4). A similar situation was presented in *Rota v. Brotherhood of Railway, Airline & S.S. Clerks,* 64 F.R.D. 699 (N.D.Ill.1974), where the plaintiffs were challenging a union convention vote in which a substantial number of the delegates had voted for a dues increase. The defendants contended that conflicts within the union existed such that the plaintiffs could not adequately represent the whole union membership. The court noted that those union members who did not agree with the plaintiffs supported the position of the individually named defendants, stating at page 706: " 'Therefore, while it is not true that plaintiffs, as they would claim, represent all [union members], it is true that any whom they do not represent are represented by the defendants.' " The court accordingly found the plaintiffs proper class representatives. See also *Dierks v. Thompson,* 414 F.2d 453, 457 (1st Cir. 1969). I believe the instant case, like *Rota,* is a proper one for maintenance as a class action, notwithstanding the internal conflict in the Menominee tribe.

The defendants' motion for an evidentiary hearing on the class action question rests

on the defendants' claim that the plaintiffs must do more than rest on their pleadings to meet their burden of satisfying the requirements of Rule 23. In view of the standard set forth in *Blackie v. Barrack,* 524 F.2d 891 (9th Cir. 1975), and quoted above, I believe that the plaintiffs have met their burden respecting certification of a class and that an evidentiary hearing is unnecessary. Accordingly, the defendants' motion for an evidentiary hearing on the plaintiffs' class action motion will be denied.

For the reasons stated above, the plaintiffs' motion for an order that this action is maintainable as a class action will be granted.

The defendants have requested that the plaintiffs be required to give notice to all members of the class, if the plaintiffs prevail on their class action motion. It is uncertain whether due process requires notice to members of classes certified pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure. Compare *Schrader v. Selective Service System Local Board No. 76 of Wisconsin,* 470 F.2d 73, 75 (7th Cir. 1972), cert. denied 409 U.S. 1085, 93 S.Ct. 689, 34 L.Ed.2d 672 (1972), and *Zeilstra v. Tarr,* 466 F.2d 111, 113 (6th Cir. 1972), with *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239 (3rd Cir. 1975), *Hammond v. Powell,* 462 F.2d 1053 (4th Cir. 1972), and *Yaffe v. Powers,* 454 F.2d 1362, 1366 (1st Cir. 1972). See also *Jimenez v. Weinberger,* 523 F.2d 689, 700 (7th Cir. 1975); *Bijeol v. Benson,* 513 F.2d 965, 968 (7th Cir. 1975); and *Urban v. Breier,* 401 F.Supp. 706, 711 (E.D.Wis.1975). However, since the plaintiffs have stated their willingness to provide notice by publication and posting, it is unnecessary for me to decide the due process question. The parties will be directed to submit their views as to the contents and manner of the notice to be provided.

## ADDITIONAL DEFENDANTS

■ The plaintiffs have moved to join Allen Caldwell, Luke Beauprey, Jr., and Lawrence Richmond, Sr., as additional defendants, pursuant to Rule 25(c) or 25(d), Federal Rules of Civil Procedure, since those individuals have become members of the board of directors of Menominee Tribal Enterprises since the filing of the complaint in this action. Rule 25(c) provides for the continuation of an action in case of a transfer of interest, and the plaintiffs have failed to show that any transfer of interest is involved in the case at bar.

However, Rule 25(d) provides for the substitution of parties "[w]hen a public officer is a party to an action in his official capacity". The defendants contend that they are not public officers, noting that the advisory committee's note to the 1961 amendment to Rule 25 states in part: "The general term 'public officer' is used in preference to the enumeration which appears in the present rule. It comprises Federal, State, and local officers."

The plaintiffs respond that Indian officials would not have been mentioned in the note because sovereign immunity would have precluded suit against them in 1971, prior to passage of the Indian Civil Rights Act, 25 U.S.C. § 1302. I believe that the policy of Rule 25(d) is best served by treating tribal officials as public officers for the purposes of the rule. Since the complaint asserts claims against the defendants in their official capacities as tribal officers, I find that the plaintiffs' motion to join additional defendants should be granted. The plaintiffs will, of course, have to prove that the defendants were in fact acting as tribal officials in order to prevail on the merits of their claims, and in granting this motion I am not addressing the merits of that element of the plaintiff's case.

## DEFENDANTS' STATUS AS A TRIBE

■ The defendants have moved for a hearing on the issue of whether the defendants are members of bodies constituting an Indian tribe within the meaning of the Indian Civil Rights Act. They characterize this as a "jurisdictional" issue, failing to recognize that the question of this court's jurisdiction was resolved in my decision and

order of February 18, 1976, and that the issue which they raise in this motion is simply one of the elements which the plaintiffs must prove in order to prevail on the merits of this action.

This court's jurisdiction arises from the need to construe and apply the Indian Civil Rights Act in the context of the allegations of the plaintiffs' complaint. While not denominated as such, the defendants' motion is essentially one for a separate trial, pursuant to Rule 42(b), Federal Rules of Civil Procedure, of the issue of the defendants' status. Since the thrust of the plaintiffs' amended complaint is that the members of the tribal bodies are illegally acting as the tribal government, the issues of whether the defendants are exercising the powers of the tribal government and whether their actions violate any rights of the plaintiffs are interrelated. It is apparent that the proof of the one issue is intertwined with that of the other, and that no purpose would be served by conducting separate trials.

"However convenient short cuts may be, it is not thought that the office of the Rules as a whole was to promote the fragmentary and separate trials of issues that require coherent presentation for their just determination." *Winkler v. New York Evening Journal,* 32 F.Supp. 810 (E.D.N.Y.1940).

See also *Ryan v. Glenn,* 336 F.Supp. 555 (N.D.Miss.1971), and compare *Bernardo v. Bethlehem Steel Company,* 200 F.Supp. 534, 536 (S.D.N.Y.1961).

Accordingly, the defendants' motion for a hearing on whether they are members of bodies constituting an "Indian Tribe exercising powers of self-government" will be denied.

## STAYING DISCOVERY

The defendants have moved to stay discovery on the merits "until challenges to jurisdiction have been resolved." In view of my resolution above of the defendants'

motion for a separate hearing on the issue which the defendants characterize as "jurisdiction," this motion is moot and will be denied.

Therefore, IT IS ORDERED that the plaintiffs' motion for an order declaring this action maintainable as a class action under Rule 23(b)(2), Federal Rules of Civil Procedure, be and hereby is granted; said class is defined to include the following:

"All Menominees now enrolled and all now living Menominees to be enrolled in the future."

IT IS ALSO ORDERED that the defendants' motion for an evidentiary hearing on the plaintiffs' motion for a class action be and hereby is denied.

IT IS FURTHER ORDERED that within 15 days of the date of this order the parties to this action submit their views in writing to the court as to the contents and manner of the notice to be provided to the members of the plaintiff class. These submissions should be exchanged between counsel.

IT IS FURTHER ORDERED that the plaintiffs' motion to join additional defendants be and hereby is granted.

IT IS FURTHER ORDERED that the defendants' motion for a hearing on the issue of whether the defendants are members of bodies constituting an Indian tribe within the meaning of the Indian Civil Rights Act be and hereby is denied.

IT IS FURTHER ORDERED that the defendants' motion to stay discovery on the merits be and hereby is denied.