**UNITED STATES of America, Plaintiff,**

v.

**COPACABANA, Inc., Defendant.**

United States District Court, S. D. New York.

March 30, 1955.

J. Edward Lumbard, U. S. Atty., New York City, for plaintiff.

Garey & Garey, New York City, for defendant.

SUGARMAN, District Judge.

On November 28, 1952 the United States commenced an action under the Defense Production Act of 1950 as amended[1] alleging defendant's willful violation of Ceiling Price Regulations 11 and 134 (C.P.R. 11 and C.P.R. 134) promulgated pursuant to the Act. The plaintiff alleges that the defendant in selling food to its patrons exceeded the maximum ceiling prices established by those regulations by "not less than $17,-262.86", and it seeks treble damages in the amount of $51,788.58 with other incidental relief.

Plaintiff now seeks an order under F.R.Civ.P. 56 directing the entry of "partial summary judgment" in its favor in the amount of $17,262.86 reserving to the trial court the questions whether defendant's violation was willful and whether plaintiff is thereby entitled to treble damges.

In effect what plaintiff seeks on this motion is the entry of a pre-trial order

---

1. Tit. 50 U.S.C.A.Appendix, § 2061 et seq.

**298**

as authorized by F.R.Civ.P. 16.[2] The basis for the entry of such an order is found in subdivision (d) of F.R.Civ.P. 56, which provides:

"* * * If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall *if practicable* ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action and facts so specified shall be deemed established, and the trial shall be conducted accordingly." (Emphasis supplied.)

In my opinion it is not "practicable" for a judge of this court to entertain an application for the pre-trial of a case under the guise of a motion for summary judgment. Appreciating the value of the pre-trial procedure as a means for streamlining trials in the interest of relieving congested calendars, the judges of this court have evolved a comprehensive system for the orderly pre-trial of cases.[3] Although the relief plaintiff asks might be given on this motion, I am of the opinion that the operation of our pre-trial procedures should not be bypassed by the device of an application for partial summary judgment and accordingly I hold that it is not practicable

to enter the order sought by plaintiff on this motion.

The motion is denied and it is so ordered.

---

**2.** Audi Vision, Inc., v. RCA Mfg. Co., 2 Cir., 136 F.2d 621, 625, 147 A.L.R. 574; Cf. United States v. Naus, D.C.W.D.Mo., 11 F.R.D. 189; Woods v. Mertes, D.C.D. Delaware, 9 F.R.D. 318; Porter v. American Tobacco Co., D.C.S.D.N.Y., 7 F.R.D. 106, 107.

**3.** Calendar Rules 14–18, Southern District of New York.