**NEW HAMPSHIRE FIRE INSURANCE COMPANY, a corporation of the State of New Hampshire, Plaintiff,**

**v.**

**T. H. Dudley PERKINS, Defendant.**

**Civ. A. No. 2322.**

United States District Court
D. Delaware.

May 11, 1962.

Richard F. Corroon, Wilmington, Del., Berl, Potter & Anderson, Wilmington, Del., William A. Fisher, Jr., Baltimore, Md., Semmes, Bowen & Semmes, Baltimore, Md., for plaintiff.

David Snellenburg, II, Wilmington, Del., Killoran & Van Brunt, Wilmington, Del., for defendant.

RODNEY, Senior District Judge.

The present questions arise from a motion by the plaintiff for a so-called "partial" summary judgment, pursuant to Rule 56(d) F.R.Civ.P., 28 U.S.C.

The plaintiff, a surety on a construction contract executed in connection with work done by W. E. Dunn Construction Company, sues the defendant personally as an alleged indemnitor with reference to the surety bond. The defendant by his answer denies any personal liability and alleges the contract was altered in that respect subsequent to its execution. With this question of alteration we are not concerned in the present motion.

The defendant in his amended answer sets out:

"21. W. E. Dunn Construction Co., Inc., aforesaid, has certain set-offs and/or counterclaims on account of faulty and defective performance by certain subcontractors and/or material men in pursuance of the said construction contract, which said set-offs and/or counterclaims plaintiff has failed to assert against such subcontractors and/or material men."

■ In the amended answer the defendant seeks recognition for certain alleged "set-offs and/or counterclaims." At the very inception I invite attention to the fact that the term "set-off" is, eo nomine, a stranger to the Rules of Civil Procedure. A set-off, prior to the adoption of the Rules was a demand asserted by a party to diminish or extinguish an opposing claim and which arose out of a transaction different from that sued upon and which emerged from a contract or judgment. 3 Moore's, Federal Practice, Page 7. The Rules of Civil Procedure by the term "counterclaim" embraced, among others, those remedies formerly known as "set-off" and "recoupment" and by Rules 13(a) and (b) drew the distinction as to whether the counterclaim arose from the same transaction or a different one. As will be herein later seen, the defense attempted to be set up in Paragraph 21 partakes of the nature of a compulsory counterclaim under Rule 13(a).

In a reply to Paragraph 21 of the amended answer, the plaintiff enters a general denial and in addition alleges the defendant failed to give the plaintiff notice of any claims of set-offs or counterclaims although requested so to do. The plaintiff has filed a motion for a summary judgment as to the defendant's claim of set-offs and/or counterclaims which in the argument is termed a motion for "partial summary judgment." In support of the motion for summary judgment the plaintiff has filed two affidavits. These affidavits state that the plaintiff (surety in the contract bond) before paying any claims of the subcontractors inquired of the present defendant as to any set-offs or counterclaims against such subcontractors and received no word of any set-offs or counterclaims.

The defendant has filed one affidavit in opposition to the motion for summary judgment and this affidavit was executed by himself.

Rule 56(e) F.R.Civ.P. provides in part:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * *"

■ No motion to strike the affidavit has been made but at the argument and in the briefs it is contended that the affidavit of the defendant does not comply with the quoted Rule. The authorities are entirely uniform in holding that an affidavit to be considered must conform with the rule and affidavits based on information and belief will be disregarded. Automatic Radio Mfg. Co. v. Hazeltine Research, Inc., 339 U.S. 827, 831, 70 S.Ct. 894, 94 L.Ed. 1312. An

inspection of the present affidavit of the defendant disclosed no fact on personal knowledge or otherwise than on information and belief, and no fact to which the defendant could testify at the trial.

The plaintiff contends that it is entitled to summary judgment as to any counterclaims suggested in Paragraph 21 of the amended answer. This contention is made because Paragraph 21 does not suggest any particular counterclaim to which the contractor was entitled and which was ignored by the surety in making payment. It is further contended that the affidavits filed clearly show that the surety, before making any payment of the claims, inquired both of the contractor and of this defendant whether any defense existed as to the claim of any subcontractor and received no information of any defense. Plaintiff therefore contends that the present defendant is estopped from asserting the defense set out in Paragraph 21. In support of this contention the plaintiff cites Restatement of Security, Section 108 as follows:

"(1) The principal is not relieved of his duty to reimburse a person who has become a surety with the consent of the principal where the surety

"(a) * * *.

"(b) pays an obligation upon which the principal has a defense which is available to the surety without knowing of the defense; * * *.

* * * * * *

"Comment c. * * * If the principal has a defense he has the burden of notifying the surety. * * *"

No matter how sound this principle of law may be, its application at this state of the case is not apparent. It seems clear that the counterclaim attempted to be set up in Paragraph 21 is in the nature of a compulsory counterclaim and does not arise from an independent transaction.

■ While it is true that Rule 56(a) F.R.Civ.P. authorizes a summary judgment for "all or any part" of a claim, yet this provision is read in connection with Rule 56(d) and the courts have held that "it appears plain that a summary judgment is not contemplated or authorized for any portion of a claim less than the whole."

This was the language of Biggins v. Oltmer Iron Works (7th Cir.), 154 F.2d 214, 217 and precisely adopted by this Third Circuit in Coffman v. Federal Laboratories, Inc. (3rd Cir.), 171 F.2d 94, 98, cert. denied 336 U.S. 913, 69 S. Ct. 603, 93 L.Ed. 1076.

It is quite apparent that the defense attempted to be set out in Paragraph 21 of the amended answer is intimately connected with and ancillary to the plaintiff's claim. It has no independent existence of its own since it is not a separate claim on which defendant could seek recovery, but is merely a reason for reducing his liability, if any, in connection with plaintiff's claim. In such case even the term "partial summary judgment" has been called a "misnomer," and the term "order" rather than "judgment" is said to be preferable. See 6 Moore's, Federal Practice 2299–2302. The similarity between any order under Rule 56(d) and a pretrial order under Rule 16 has been so frequently remarked on that extended citation seems unnecessary.[1]

An interlocutory order for partial summary judgment under 56(d) would operate to the same extent as a pretrial order under Rule 16 and would only have value as expediting the trial by limitation of the matter involved. Such

---

1. Woods v. Mertes, D.C.Del., 9 F.R.D. 318, 320; see 6 Moore's Federal Practice, page 2302, et seq.; 3 Barron & Holtzoff, Federal Practice and Procedure, Section 1241.

effect has little pertinency in this case. The main case must be tried upon the issue as to whether there is any liability of the defendant because of the alteration of the paper sued on. To decide this ancillary matter now would not greatly reduce the time required for trial since any additional evidence necessary would likely come from witnesses required to be present for the alteration question, and the question is not a complex or remote one likely to cause confusion or delay. If the defendant should prevail on this issue of alteration and no liability of the defendant is shown, then, of course, the defense set up in Paragraph 21 becomes entirely moot. If on the other hand, the original paper sued on is fully sustained, then later a question of law would emerge as to the efficacy of the provisions of Paragraph 21. Not only would the provisions of the law recognized in the Restatement of Security as cited and relied upon by the plaintiff come into play but the original contract being sustained, the provision of Section 3 thereof may have application. This contract of indemnity executed by the defendant by Section 3 provides that if any action be brought against the surety or principal, the surety shall have the exclusive right to decide and determine whether any claim, suit or action should be defended, tried or appealed and its decision would be final, conclusive and binding upon the indemnitor.

It would seem that the defense attempted to be set up in Paragraph 21 of the amended answer is but a compulsory counterclaim acquired by subrogation and derived from W. E. Dunn Company, the original contractor, which can, at best, reduce any amount recoverable by the plaintiff. I am of the opinion that such counterclaim having no independent existence may not be the subject of a summary judgment under Rule 56(d).

An appropriate order may be submitted.