David BERMAN, d/b/a Paddle Pal, Plaintiff,

v.

ROYAL KNITTING MILLS, INC. and Jada Sales, Inc., Defendants.

No. 78 Civ. 2999 (KTD).

United States District Court, S. D. New York.

Feb. 25, 1980.

though its prime mover David Berman, produced sports clothing specially designed for paddle tennis players. In particular, the company designed coordinated sweaters and paddle tennis mittens for outdoor use in colder weather. The mittens were "unique" in that they were designed with an opening in the top to accommodate a paddle tennis racquet.

The complaint charges that in May, 1977, the plaintiff and defendant entered into an agreement which provided that defendant manufacture a quantity of mittens and sweaters to plaintiff's specifications, for delivery on September 1, 1977. Delivery, however, did not commence until September 28th. In addition, the complaint charges that defendant failed to deliver the entire quantity of sweaters and mittens agreed upon by the parties and that the merchandise which was delivered, failed to conform to plaintiff's specifications.

Defendant urges quite a different factual setting. To be sure, defendant charges that it delivered a number of sweaters and mittens to plaintiff which were accepted, retained and resold by plaintiff at a profit. However, plaintiff refused to pay for the goods as the invoices became due. Moreover, payment has never been received for these goods nor have the goods been returned to defendant. It was only when plaintiff failed to either pay for the goods in his possession or return them to defendant that defendant refused to make any further deliveries to plaintiff.

Royal Knitting has counter-claimed seeking damages for all goods which have been delivered to, accepted and retained by plaintiff. In addition, defendant seeks to recover the cost of all materials it committed to the production of plaintiff's merchandise but which remain unused due to the cancellation of the contract caused by plaintiff's steadfast refusal to pay for those goods previously delivered.

Defendant now moves for partial summary judgment with respect to its counter-

Gerald H. Markowitz, Hartsdale, N. Y., for plaintiff.

Rothstein & Korzenik, New York City, for defendant Royal Knitting Mills, Inc.; Sidney S. Korzenik, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, David Berman, is a Westchester dentist turned entrepreneur. He brings this action against Royal Knitting Mills, Inc.[1] charging it with breach of contract.

In 1976, the plaintiff formed a new company called "Paddle Pal." The company,

---

1. The complaint also names Jada Sales, Inc. as a defendant. However, Jada is no longer a party to the instant dispute.

claims. Defendant also seeks summary judgment on plaintiff's first claim which seeks recovery for defendant's alleged failure to deliver goods pursuant to the parties contract.

■ Summary disposition of an action is appropriate only when there is no genuine issue as to any material fact. See Fed. R.Civ.P. 56(c). Likewise, partial summary judgment is warranted only when the moving party can demonstrate that there are material issues of fact which are not genuinely in dispute. Of course, whether it be a motion for summary judgment or partial summary judgment, the burden is upon the moving party to establish that no relevant facts are in dispute and the Court must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom judgment is sought. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438 (2d Cir. 1980).

■ In addition to the standard analysis set forth above, where only partial summary judgment is sought, other considerations obtain. Indeed, summary judgment was devised in order to unmask frivolous claims, end meritless litigation and unburden limited judicial resources. Thus, even though one claim may be capable of summary disposition, where it is inextricably woven to other claims which are destined for determination by the trier of fact, the action is better left fully intact. This is just such a case.

■ There are numerous facts about which there is no dispute. For example, there is no doubt that plaintiff ordered and received certain sweaters and mittens from defendant. In addition, a large quantity of this merchandise has been sold or otherwise retained by plaintiff. Finally, despite the fact that plaintiff tendered a check for $4,000 to defendant in partial payment for these goods, plaintiff stopped payment on the check prior to its presentment. Thus, while plaintiff continues to possess the merchandise in issue, or the receipts therefrom, defendant has received no payment for the goods.

Given these undisputed facts, it would appear that defendant is entitled to summary judgment with respect to those goods delivered and retained by plaintiff valued at $9,437.86. In addition, since these goods were delivered and never paid for, plaintiff's first claim, based upon non-delivery of goods, also lends itself to summary disposition. Indeed, plaintiff having refused to pay for those goods previously delivered, it would be foolhardy to continue to send goods to him. There are, however, other factual issues which weigh against granting partial summary judgment.

Defendant argues that no contract ever existed between itself and plaintiff. Indeed, plaintiff has failed to produce any writing which recites the quantity of sweaters and mittens to be produced and delivered. Defendant also reasons that even if a contract existed, the absence of a writing renders the agreement unenforceable under the statute of frauds.

Plaintiff, while admitting receipt of a quantity of goods, argues that they were non-conforming goods and resulted in substantial loss to him. Moreover, defendant failed to deliver the balance of goods plaintiff contracted for.

This is a case in which Article 2 of the Uniform Commercial Code is controlling. See N.Y.U.C.C. §§ 2–101 *et seq.* (McKinney 1964). Article 2, dealing with contracts for the sale of goods, contains numerous sections dealing with the formation, performance and breach of such contracts as well as the remedies flowing therefrom. It recites in great detail when goods are non-conforming and may be rejected by a purchaser. In addition, the Code sets forth the method and time within which these goods are to be rejected and when they are deemed accepted.

While it is true that plaintiff received and retained certain goods for which he never paid, there is a question as to whether these goods in fact conformed to the plaintiff's specifications and, if not, the non-conforming goods were properly rejected by plaintiff. Thus, assuming that the goods were non-conforming and rejected,

the question remains whether plaintiff was forced to market them at a reduced price and thereby damaged.

There is no doubt that defendant is entitled to recover something for the goods delivered and retained by plaintiff. However, since a full trial on the merits is required to determine if the goods were defective, it would not be appropriate to grant summary judgment on the question of liability. Indeed, the value of these goods must be determined which in turn requires an analysis of whether the goods were conforming and, if not, whether they were properly rejected by plaintiff.

Accordingly, since those issues which are capable of summary disposition are so intertwined with various triable issues, defendant's motion for partial summary judgment is denied.

SO ORDERED.