FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF GADSDEN COUN-TY, a corporation organized under the laws of the United States of America

v.

H. B. PETERSON and Ruth E. Peterson.

MUTUAL FEDERAL SAVINGS AND LOAN ASSOCIATION OF PENSACOLA

v.

William M. ANGELO and Debi P. Angelo, Husband and Wife, Tracy V. Herring and Brenda G. Herring, Husband and Wife.

MUTUAL FEDERAL SAVINGS AND LOAN ASSOCIATION OF PENSACOLA

v.

PENSACOLA TRACTOR & EQUIPMENT CO., INC.; James E. Fausz and Ann S. Fausz, Husband and Wife; Antony E. Fiorentino and Claude R. Fiorentino, Husband and Wife; and Harry H. Schwartz and Pamela B. Schwartz, Husband and Wife.

Nos. TCA 79–0940, PCA 80–0405 and PCA 80–0406.

United States District Court,
N. D. Florida,
Tallahassee Division.

Sept. 4, 1981.

Charles R. Gardner, Tallahassee, Fla., for First Federal Sav. and Loan Ass'n of Gadsden County.

W. Spencer Mitchem, G. Edison Holland, Jr., Pensacola, Fla., for Mutual Federal Sav. and Loan Ass'n of Pensacola.

Lawrence M. Watson, Jr., Orlando, Fla., Joseph R. Boyd, Tallahassee, Fla., for Peterson.

Robert L. Stone, William H. F. Wiltshire, John P. Kuder, Pensacola, Fla., for Angelo and Herring.

Charles Sherrill, Pensacola, Fla., for Pensacola Tractor & Equipment Co., Inc.

Antony E. Fiorentino, Pensacola, Fla., for Fausz, Fiorentino and Schwartz.

Harvey Simon, Washington, D. C., amicus curiae Federal Home Loan Bank Bd.

## ORDER OF CLARIFICATION

HIGBY, District Judge.

Not satisfied with a detailed nineteen page order on a single issue, 516 F.Supp. 732, the Defendants have moved for clarification of the Partial Summary Judgment entered in this case. In order to make the Partial Summary Judgment clearer, if possible, the motion is granted. Defendants ask three questions. Each will be summarized and answered.

### I.

■ *The Question*—Is the Partial Summary Judgment an order upon which a judgment under Federal Rule of Civil Procedure 56(d) should subsequently be entered?

*The Answer*—No. The Partial Summary Judgment disposed of only Defendants' legal defense to the claims against them. The Defendants also raised factual defenses to the claims against them. Those defenses have not been resolved. Consequently the claims against the Defendants have not been resolved, and entry of a judgment would be inappropriate until they are.

### II.

*The Question*—Are the factual matters set forth in pages 10–13 of the Partial Summary Judgment findings of fact?

■ *The Answer*—No. As was plainly stated in footnote 7, the factual matters are a summary of the Board's reasons for promulgating Title 12, Code of Federal Regulations, Section 545.8–3(f) (1980), the basis for due-on-sale clauses. Consideration of the Board's reasoning was important to a preemption decision because one factor to consider is whether the nature of the subject matter regulated calls for uniform regulation. The Board's reasoning was relied upon because the Defendants specifically did not challenge the legitimacy of the regulation.

### III.

■ *The Question*—If the entire field of due-on-sale enforceability was not preempted, what was preempted?

*The Answer*—This question could be rephrased—Did we really lose Judge? As

**418**

clearly stated in the Partial Summary Judgment all Florida law which would preclude a federal savings and loan institution from exercising a due-on-sale clause upon sale of mortgaged property in order to obtain a higher interest rate from an assuming borrower is preempted. Exercise of the due-on-sale clause for other reasons remains, at this point, subject to Florida law. Likewise, enforcement of a due-on-sale clause not in compliance with Title 12, Code of Federal Regulations, Section 545.8–3(f) (1980), or other applicable regulations would remain subject to state law.

### Conclusion

The Defendants' questions are now answered. They should now express their dissatisfaction in the appellate courts and proceed with the remainder of their defenses.

### ORDER CERTIFYING ORDER FOR APPEAL

Plaintiff Mutual Federal and the Defendants have moved for an order under Federal Rule of Civil Procedure 54(b) certifying the Partial Summary Judgment in this case as a final order. The motion is denied. Rule 54 applies to orders disposing of one or more claims in a multi-claim lawsuit. The partial summary judgment does not dispose of a claim, only one defense to a claim. Plaintiff Mutual Federal, as well as Clearwater Federal, claimed a right to enforce certain mortgages. The Defendants' legal defense to those claims were disposed of by the Partial Summary Judgment. But their factual defenses to the claims remain for resolution. An order under Rule 54(b) would be inappropriate.

█ The purpose of Mutual Federal's motion was to obtain the right to appeal the Partial Summary Judgment. That end may be achieved by certification under Title 28, United States Code, Section 1292(b). That statute provides for certification that an order, otherwise not appealable, "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation ....." The Partial Summary Judgment in this case is such an order.

A determination that the Partial Summary Judgment is wrong would conclude the litigation in these three consolidated cases. There is substantial ground for difference of opinion over the correctness of the Partial Summary Judgment as indicated by the decisions, cited in the order, contrary to this court's decision. Consequently the Partial Summary Judgment is certified as an order that involves a controlling question of law as to which there is substantial ground for difference of opinion and an order from whose immediate appeal would materially advance the ultimate termination of the litigation.

### ORDER DENYING MOTION FOR RELIEF FROM FINAL JUDGMENT

The Motion for Relief from Final Judgment is denied.