CELANESE CORPORATION AND CON-
SOLIDATED SUBSIDIARIES, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 142–82T.

Meaning and application of RUSCC
56(d) and F.R.C.P. 56(d).

United States Claims Court.

Oct. 25, 1985.

Myron C. Baum, Washington, D.C., attorney of record for plaintiff. Patricia G. Lewis and Caplin & Drysdale, Chartered, of counsel.

Gerald B. Leedom, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., for defendant. Mildred L. Seidman, of counsel.

ORDER ON PLAINTIFF'S MOTION
FOR AN ORDER SPECIFYING
FACTS NOT IN CONTROVERSY

PHILIP R. MILLER, Judge.

The substantive question at issue is whether or not Celanese Corporation may deduct $58,364,636 as a bad debt loss, ordinary loss or business expense on its 1969

income tax return, as the result of having paid that sum in satisfaction of its guarantees of the debts of SIACE, an Italian subsidiary, during that year.

Defendant moved for summary judgment on the legal contention that § 166 of the Internal Revenue Code of 1954 was the only provision under which plaintiff could deduct its loss and, even assuming bona fide debt,[1] its transfer of its subrogation rights to one of SIACE's creditors in return for a reduction in its guarantee obligation precluded a deduction under § 166. Plaintiff opposed defendant's motion on the ground that subrogation was unnecessary to a bad debt loss deduction by a guarantor. In addition, plaintiff cross-moved for summary judgment in its own favor, urging that its payment of the guarantees conclusively established a bona fide debt entitling it to a deduction either for a bad debt loss, a business loss or a business expense. In its reply and response to the cross-motion defendant contended that the guarantees were not really debt but additional risk capital invested by Celanese in SIACE, and the waiver and assignment of subrogation rights in return for the reduction in the guarantee was a capital transaction entitling it only to a capital loss rather than a bad debt deduction.

In an opinion filed July 3, 1985, the court denied both motions for summary judgment. *Celanese Corp. v. United States*, 8 Cl.Ct. 456 (1985). In response to defendant's motion it ruled that retention of subrogation rights was not essential to a guarantor's right to a bad debt loss deduction. With respect to plaintiff's motion, it held that plaintiff failed to establish conclusively that plaintiff's guarantees and payments for the benefit of its subsidiary were intended to be debts rather than risk capital and that the subsidiary's debt was in fact worthless in 1969.

In support of its cross-motion for summary judgment, plaintiff attached 237 paragraphs, covering 78 pages, of "Material Matters of Fact", and 245 exhibits from its pretrial submission, accompanied by an affidavit of Robert A. Longman, Celanese's Vice President and General Counsel, attesting that as an employee of Celanese during the 1960's he "acquired personal knowledge of the events as to the acquisition, operating and disposition of SIACE" and that the facts set forth in the 237 paragraphs were "true and correct, to the best of his knowledge and recollection." The affidavit further stated that he had also examined the 245 exhibits and, with the exception of Nos. 230 through 244, all were from the files of Celanese or its representatives, maintained by it as business records in the regular course of business.

Defendant did not submit counteraffidavits in opposition to plaintiff's motion or otherwise contest the accuracy of plaintiff's statement of material facts. Plaintiff now moves the court, pursuant to Rule 56(d), for an order declaring that there is no substantial controversy as to the facts set forth in the 237 paragraphs and the 245 exhibits, and that such facts be deemed established in this case.

For the reasons set forth hereinafter, plaintiff's motion is denied.

1. Rule 56(d) of the Rules of the United States Claims Court (RUSCC) provides:

*Case Not Fully Adjudicated on Motion.* If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of

---

**1.** For purposes of the motion, defendant conceded that the loans were bona fide debt, that plaintiff was a bona fide guarantor, that the guarantees were paid pursuant to an enforceable obligation, that SIACE was insolvent and that Celanese was entitled to the subrogation rights it renounced.

damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Plaintiff contends that in determining what material facts exist without substantial controversy for purposes of Rule 56(d), the court should be governed by the following provisions of Rule 56(e).

(e) *Form of Affidavits; Further Testimony; Defense Required.* \* \* \* When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The difficulty with plaintiff's argument is that the quoted portion of Rule 56(e) merely provides a sanction for an adverse party's failure to respond to a motion for summary judgment by filing affidavits or other proof to counter the affidavits of the moving party: if it does not so respond, summary judgment may be entered against it. It does not provide that if the court denies summary judgment because there are material issues of fact to be tried the court must find the uncrossexamined allegations of the moving party's affidavits to be uncontroverted *for purposes of trial.*

■ Rule 56(e) provides conclusive presumption as a sanction for failure to provide counter-evidence, regardless of the pleadings, the positions of the parties and their counsel. Rule 56(d) requires the court to ascertain what material facts are *actually* in controversy and what facts are not in controversy, not only from the evidence but by examining the pleadings and interrogating counsel, and then only if practicable. The notes of the Advisory Committee on the Federal Rules of Civil Procedure for the United States District Courts (F.R.C.P.) on the original formulation of Rule 56(d) in 1938, refer to the procedure under that rule as being similar to the procedures in a pretrial conference under Rule 16. The Advisory Committee notes on the 1946 amendments refer to an adjudication under Rule 56(d) as being "akin to the preliminary order under Rule 16." (*See* 28 U.S.C.A. Rules 16 and 56, Notes.) Unlike a summary judgment order under Rule 56(e), a Rule 56(d) order is not final and may be amended at any time during the trial. *See Coffman v. Federal Laboratories, Inc.,* 171 F.2d 94, 98 (3d Cir. 1948), *cert. denied,* 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076 (1949); *E.I. DuPont DeNemours & Co. v. United States Camo Corp.,* 19 F.R.D. 495, 498 (W.D.Mo.1956); *New Hampshire Fire Ins. Co. v. Perkins,* 30 F.R.D. 382, 385 (D.Del.1962).

■ 2. Under Rule 56(c) there is a sufficient basis for denial of a motion for summary judgment if there is a genuine issue as to *any* material fact. There is no requirement that an adverse party having a sufficient defense to such a motion also investigate and produce evidence in opposition to *every* allegation of fact advanced by the moving party. The allowance of plaintiff's current motion would mean that if in response to the motion for summary judgment the adverse party failed to counter every allegation, it would be on peril of having every allegation of the moving party found to be true. It would enable a party to use a motion for summary judgment as a substitute for the pretrial procedures, including requests for admission, with far greater burdens on the adverse party and with more severe consequences. It is particularly unwarranted in a case such as the instant one, where plaintiff has submitted as "material matters of fact" the averments of its pretrial submissions in 237 paragraphs, covering 78 pages, much of which necessitates investigations outside the United States. *Cf. SFM Corp. v. Sundstrand Corp.,* 102 F.R.D. 555 (N.D. Ill.1984).

■ 3. Assuming that Rule 56(e) had any bearing on the application of Rule

56(d), it would still be improper to impute to defendant concession of the facts incorporated in plaintiff's affidavit. Plaintiff did not submit its affidavit until it filed its cross-motion for summary judgment on July 5, 1984, asserting that on the sworn facts set forth in support of its cross-motion plaintiff rather than defendant was entitled to judgment as a matter of law. On July 24, 1984, defendant filed a motion under Rule 56(f)[2] requesting that the court refuse plaintiff's application for judgment, on the ground that whether plaintiff's guarantee and payment of SIACE's debts were intended as a debt rather than an additional investment in SIACE was a factual question not susceptible of resolution by summary judgment or, in the alternative, that the court order a continuance to permit defendant to conduct the necessary pretrial discovery so that it might present by affidavit facts essential to justify its opposition to plaintiff's cross-motion. Although the court denied defendant's motion because it preferred full briefing on the issues already presented before deciding whether or not there were factual issues, it is apparent that defendant did not rest upon mere denials but, after plaintiff submitted its affidavit, defendant, timely sought the opportunity to meet it with its own affidavits. Thus, there is no reason for applying any sanctions against defendant.

■ 4. Plaintiff's affidavit does not meet the requirements of Rule 56(e). That rule provides:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Robert A. Longman's affidavit states:

I am a Vice President and General Counsel of Celanese Corporation and am fully familiar with the facts pertaining to this action in which Celanese seeks a refund of income taxes paid by it for the year 1969. This affidavit is submitted in support of plaintiff's cross-motion for partial summary judgment with respect to the SIACE issue.

I have read the pretrial submission submitted by plaintiff's counsel on behalf of Celanese Corporation herein and can state that the facts therein set forth are true and correct, to the best of my knowledge and recollection. As an employee of Celanese Corporation during the 1960s, I acquired personal knowledge of the events as to the acquisition, operating and disposition of SIACE of Fiumefreddo, Sicily.

However, Rule 56(e) states that supporting affidavits "shall show affirmatively" that the affiant is competent to testify as to the matters stated therein. Mr. Longman's affidavit does not *show* that he has personal knowledge of the events set forth in each of the 237 paragraphs but merely sets forth his own conclusion that he has such personal knowledge.

Mr. Longman's affidavit grounds his competence on the fact of his employment with Celanese at the time of the events in issue. However, we have not been told in what capacity Mr. Longman served at that time, nor what role he then played in the pertinent transactions, or, if he did not participate, how he acquired such personal knowledge of the events as would qualify him to testify as to them. The facts recited in paragraph 166 of plaintiff's submission also indicate that he was not vice president and general counsel in the years involved, as that position was then held by Mr. James Hill. It is therefore not affirmatively shown that Mr. Longman was in a position to have personal knowledge of Celanese's upper management motives and intent to which he attests (¶¶ 169–76, 181).

---

**2.** Rule 56(f) provides:

*When Affidavits Are Unavailable.* Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

He recites facts about transactions and events in which, apparently, he did not participate. Examples include transactions involving SIACE prior to March 1965, when Celanese acquired control of it. (¶¶ 22–43; U.S. regulations (¶ 108); and the averments as to how the Italian banks responded to the Raytheon experience (¶¶ 104, 111–12)). These recitals indicate that the submissions to which the affiant attests are replete with hearsay, relating a chronology beyond his personal knowledge and about which his knowledge was "acquired" from other than personal participation.

5. Plaintiff contends that defendant, by not moving to strike the challenged averments as admissible under Rule 56(e), has waived any objection to the affidavit and the court's consideration of it. However, as already noted, defendant did seek time to investigate the averments of plaintiff's affidavit prior to having to respond to plaintiff's cross-motion for summary judgment. Thus, it did not waive objection if it found the statements to be hearsay or not on personal knowledge. Furthermore, since plaintiff's cross-motion for summary judgment has been denied, waiver for purposes of summary judgment is irrelevant. Defendant has not waived objection to use of such statements as facts for purposes of trial.

6. Finally, the requirement of Rule 56(d) that the court ascertain what material facts exist without substantial controversy is conditioned upon it being "practicable." Since the crucial intent involved in the debt versus equity question is likely to be derived from the testimony of the participants in the transactions described in the 237 paragraphs, and the evidence of their intent is intertwined with the evidence of what they did, the court does not find it practicable to ascertain such facts without hearing their testimony. Nor does it find it practicable to separate unaided the conclusionary allegations from the evidentiary facts. This is primarily the burden and responsibility of the parties in the pretrial procedures. *See SFM Corp. v. Sundstrand Corp.*, 102 F.R.D. 555 (N.D.Ill.1984); *Berman v. Royal Knitting Mills, Inc.*, 86 F.R.D. 124 (S.D.N.Y.1980); *Woodruff v. Lavine*, 399 F.Supp. 1008, 1013 (S.D.N.Y. 1975); *New Hampshire Fire Ins. Co. v. Perkins*, 30 F.R.D. 382, 384–85 (D.Del. 1962); *United States v. Copacabana, Inc.*, 17 F.R.D. 297 (S.D.N.Y.1955); and 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2737 at 460.

### Conclusion

Plaintiff's Motion For An Order Specifying Facts Not In Controversy is denied. Defendant is allowed 60 days from the filing of this order to respond to plaintiff's pretrial submission. Extension of such time will be allowed only on a showing of diligence in pursuing discovery.