Martínez Torres, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
En este caso ambas partes solicitaron que se dictara sentencia sumaria. El Tribunal de Primera Instancia rechazó ambos pedidos. Aunque entendemos que su actuación estuvo justificada ante la controversia de hechos materiales existente, le devolvemos el caso con instrucciones de que señale los hechos materiales que no están en controversia, de conformidad con el mandato de la Regla 36.4 de Procedimiento Civil.
I
El demandante-recurrido, Alberto Arroyo Irizarry, presentó la demanda de epígrafe el 29 de julio de 1994. El 23 de enero de 1996, presentó una demanda enmendada. En ella añadió como co-demandados a los peticionarios Rafael Padilla Matos, Elba Vélez Arroyo y la sociedad legal de bienes gananciales compuesta por ambos. El 21 de junio de 1996, dichos co-demandados presentaron una moción de sentencia sumaria. El Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de San Germán (Hon. Samuel Almodovar Toro, Juez) concedió un plazo al demandante-recurrido para expresarse. Este compareció a oponerse y a su vez, solicitó que se dictara sentencia sumaria a su favor. No obstante, el tribunal no había examinado la comparecencia y creyendo que el demandante-recurrido no se había opuesto a la moción de los co-demandados-peticionarios, dictó sentencia sumaria a favor de estos últimos el 16 de julio de 1996. En reconsideración, la dejó sin efecto el 30 de julio de *633 1996. Los co-demandados Padilla-Vélez han recurrido ante nos para que revoquemos esta última determinación del foro de instancia y dictemos sentencia sumaria a su favor.
Del récord surge que los co-demandados-peticionarios Padilla-Vélez alegaron que no están en controversia los siguientes hechos materiales: Los co-demandados Guillermo Nazario Robles y Carmen Ocasio Santos eran dueños de una finca de 5,197.7224 metros cuadrados en el Barrio Sabana Yeguas de Lajas. El 16 de abril de 1985, éstos firmaron un documento titulado "Compromiso de Compraventa", en el que acordaron con el demandante-recurrido Arroyo Irizarry, venderle por $5,000 una porción de la finca cuya cabida no fue especificada en el documento.
El 22 de diciembre de 1993, los esposos Nazario-Ocasio vendieron la finca a los co-demandados-peticionarios, los esposos Padilla-Vélez. En la escritura otorgada en esa fecha, las partes reconocieron que en la propiedad había un terreno de "aproximadamente Setecientos metros que al momento de esta escritura no ha sido segregado." Sin embargo, el 15 de febrero de 1994, los esposos Nazario-Ocasio firmaron un documento autorizando la segregación de un predio de cabida no especificada a favor de Arroyo Irizarry en la referida finca que ya no les pertenecía. El 21 de abril del mismo año, la Administración de Reglamentos y Permisos (ARPE) autorizó la segregación de un predio de "1.799 metros cuadrados" por petición del co-demandado Nazario. El 12 de julio de 1994, ARPE enmendó su relación para corregir la cabida de la finca principal, sin afectar la segregación autorizada.
Todos los documentos a los que hemos hecho referencia fueron acompañados por los co-demandados-peticionarios PadillaVélez junto con su'moción de sentencia sumaria. Estos solicitaron que se desestimara la demanda en su contra y se declarara con lugar la reconvención que presentaron, se declarara ilegal el "Compromiso de Compraventa" otorgado por los co-demandados Nazario-Ocasio y el demandante Arroyo Irizarry, y se le ordenara a este último devolverle a los aquí peticionarios Padilla-Vélez el exceso de 700 metros cuadrados de la finca con el abono del precio pagado más intereses.
El demandante-recurrido Arroyo Irizarry se opuso a la moción y solicitó sentencia sumaria a su favor, en la que se ordene a los co-demandados-peticionarios Padilla-Vélez otorgar la correspondiente escritura de compraventa sobre el predio de 1,799.49 metros cuadrados. Aunque señaló que existen hechos materiales en controversia que impiden que se dicte sentencia sumaria, un examen detenido de su moción demuestra que lo que en realidad plantea Arroyo Irizarry como hecho en disputa es una controversia de derecho: si él es el legítimo dueño del predio de 1,799 metros cuadrados que se segregó de la finca principal, o si por el contrario, la venta y segregación a su favor son inválidas.
Según los peticionarios Padilla-Arroyo, el "Compromiso de Compraventa" otorgado entre los co-demandados Nazario-Ocasio y el demandante-recurrido Arroyo Irizarry es ilegal por haberse vendido una parte de la finca principal sin que se hubiera obtenido previamente de ARPE la autorización de la segregación. Al respecto, los .peticionarios Padilla-Arroyo citan el caso de Preciosas Vistas del Lago v. Registrador, 110 D.P.R. 802 (1981), donde el Tribunal Supremo declaró ilegal un contrato de lotificación que no ha sido sometido a ARPE. Por su parte, el demandante-recurrido Arroyo-Irizarry alegó en instancia que el hecho de que ARPE aprobará la segregación solicitada derrota la alegación de los co-demandados-peticionarios. Citó el Artículo 22 de la Ley Orgánica de ARPE, 23 L.P.R.A. sec. 71u. Sostiene entre otras cosas, que él compró su predio por precio alzado y no por unidad de medida, y que los co-demandados-peticionarios reconocieron su derecho en la escritura mediante la cual adquirieron la finca principal. Por tanto, entiende, basándose en Sociedad de Gananciales v. Srio. de Justicia, Opinión de 19 de septiembre de 1994, 94 J.T.S. 124, que los co-demandados-peticionarios no pueden ahora cuestionar su derecho.
Con lo aquí expuesto no pretendemos dar por probado hecho alguno ni adjudicar las cuestiones de derecho presentes en el caso. Nos hemos limitado a exponer y analizar las alegaciones de las partes. Hacemos este breve relato de la posición de las partes en instancia porque el mismo demuestra que el tribunal tiene ante sí no sólo una controversia de derecho sino también al menos un hecho importante que está en controversia: aun si para efectos de argumentación se reconoce el derecho del demandante-recurrido Arroyo Irizarry sobre el predio segregado de la finca principal, queda por adjudicarse cuál es la cabida del predio que los anteriores dueños, los *634 co-demandados esposos Nazario-Ocasio se comprometieron a vender a Arroyo Irizarry. Adviértase que en el "Compromiso de Compraventa" no se menciona la cabida; en la escritura de compraventa otorgada por los esposos Nazario-Ocasio y los esposos Padilla-Vélez se habla de "aproximadamente setecientos metros"; ARPE segregó un predio de 1,799 metros cuadrados y en su demanda, Arroyo Irizarry reclama 1,799.49 metros cuadrados. La existencia de ese hecho en controversia demuestra que no es posible resolver controversia alguna en el caso por la vía sumaria.
n
-A-
La Regla 36 de Procedimiento Civil preceptúa lo referente a la sentencia sumaria. Este mecanismo procesal tiene el propósito de facilitar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales y por tanto, no ameritan la celebración de un juicio en su fondo. Pilot Life Ins. Co. v. Crespo Martínez, Opinión de 13 de julio de 1994, 94 J.T.S. 104, págs. 20-21. Utilizada de forma apropiada, la sentencia sumaria contribuye a descongestionar los calendarios judiciales. Méndez Arocho v. El Vocero de P.R., Opinión de 30 de junio de 1992, 92 J.T.S. 94, pág. 9715.
La Regla 36.2 de Procedimiento Civil permite a un demandado presentar una moción, basada o no en declaraciones juradas, para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. Soto v. Hotel Caribe Hilton, Opinión de 17 de octubre de 1994, 94 J.T.S. 128, pág. 311.
La parte que solicita la sentencia sumaria en un pleito tiene la obligación de demostrar la inexistencia de una controversia real sobre todo hecho pertinente que a la luz del derecho sustantivo determinaría que se dicte sentencia a su favor. Hurtado Latre v. Osuna y Fresse, Opinión de 30 de junio de 1995, 95 J.T.S. 98, pág. 1065; Tello Rivera v. Eastern Airlines, 119 D.P.R. 83, 86 (1987). Cuando existe controversia en relación con los hechos esenciales no debe dictarse sentencia sumaria y cualquier duda debe resolverse en contra de la parte promovente. Bonilla Medina v. P.N.P., Opinión de 13 de marzo de 1996, 96 J.T.S. 33, pág. 790; Cuadrado Lugo v. Santiago Rodríguez, Opinión de 30 de abril de 1990, 90 J.T.S 95.
Para derrotar una moción de sentencia sumaria, la parte promovida opositora deberá presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promovente. No obstante, el sólo hecho de no presentar evidencia que controvierta la presentada por la parte promovente, no implica que necesariamente proceda la sentencia sumaria. PFZ Properties, Inc., v. General Accident Ins. Co., P.R., Ltd., Opinión de 7 de septiembre de 1994, 94 J.T.S. 116, pág. 125; Rivera Santana v. Superior Packaging, Inc., Opinión de 9 de diciembre de 1992, 92 J.T.S. 165, pág. 10165. Los jueces no están constreñidos por los hechos o documentos evidenciarlos que se aduzcan en la solicitud de sentencia sumaria. Deben considerar todos los documentos en autos, sean o no parte de la solicitud, de los cuales surjan admisiones hechas por las partes. Cuadrado Lugo v. Santiago Rodríguez, supra.
En términos generales, al dictar sentencia sumaria el tribunal deberá: (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos con la moción en oposición así como aquéllos que obren en el expediente del tribunal; (2) determinar si el oponente de la moción controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Analizados estos criterios, el tribunal no dictará sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. PFZ Properties, Inc., v. General Accident Ins. Co., P.R., Ltd., supra.
En Soto v. Hotel Caribe Hilton, supra, el Tribunal Supremo resolvió que no es recomendable utilizar el mecanismo procesal de sentencia sumaria en casos donde hay controversia sobre elementos subjetivos y de intención, así como propósitos mentales, o donde el factor de credibilidad juega un papel esencial, si no el decisivo, para llegar a la verdad y el litigante depende en gran medida de lo que extraiga del contrario en el curso del juicio.
*635 Por tratarse de un remedio discrecional, el uso del mecanismo de sentencia sumaria tiene que ser mesurado y procederá sólo cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos, surgiendo de los mismos que no existen controversias sobre los hechos materiales pertinentes y que por lo tanto, lo que resta es aplicar el derecho, ya que una vista en los méritos resultaría innecesaria. Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714, 720 (1986); Roth v. Lugo, 87 D.P.R. 386, 397 (1963).
-B-
Lo anterior, sin embargo, no es razón para que el tribunal de instancia eche por la borda el esfuerzo de las partes de determinar los hechos que no están en controversia y espere a que en juicio se malgaste el tiempo con la presentación de evidencia para demostrar esos mismos hechos. En la etapa que está el caso es factible y deseable que el tribunal indique cuáles de los hechos que las partes íñdican que están en controversia en realidad lo están y así mismo, cuáles de los hechos que las partes indican que están incontrovertidos lo están en verdad. Así se lo exige la Regla 36.4 de Procedimiento Civil:

"36.4 Pleito no decidido totalmente a virtud de moción

Si en una moción presentada bajo las disposiciones de esta regla no se dictare sentencia sobre la totalidad del pleito ni se concediere todo el remedio solitado y fuere necesario celebrar juicio, el tribunal determinará los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos, mediante el examen de las alegaciones y de la evidencia presentada y oyendo argumentos de los abogados en vista oral, únicamente cuando el tribunal lo estime necesario. El tribunal, al emitir su resolución, dictará inmediatamente una orden especificando los hechos sobre los cuales no hay controversia sustancial, incluyendo hasta qué extremo la cuantía de los daños u otra reparación no está en controversia y ordenando los procedimientos ulteriores que sean justos en el pleito. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad."

El texto de esta regla, según redactado en 1958 y ratificado en las Reglas de Procedimiento Civil de 1979, "hace énfasis en el carácter mandatorio de la determinación de los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos." J.A. Cuevas Segarra, Práctica Procesal Puertorriqueña (P.P.P., Vol. II) - Procedimiento Civil, Publicaciones J.T.S., San Juan, 1985, pág. 192 (énfasis en el original).
Como recalca este autor, la Regla 36.4 no se refiere a las sentencias sumarias parciales, sino a las adjudicaciones sumarias parciales en las cuales no se resuelve la totalidad de alguna reclamación en el caso. Id., pág. 193; Wright, Miller & Kane, Federal Practice and Procedure, Vol. 10A, 2da ed., West, St. Paul, § 2737, págs. 463-65.
A diferencia de la facultad del tribunal bajo la Regla 37.1 para propiciar estipulaciones de hechos incontrovertidos en la conferencia con antelación al juicio, la Regla 36.4 impone el deber al juez de determinar los hechos en controversia y declarar los que no lo están cuando no puede dictar sentencia sumaria, siempre que ello contribuya a ahorrar gastos y esfuerzo y a simplificar los asuntos pendientes para juicio en su fondo. Id., pág. 454; National Life Ins. Co. v. Silverman, 454 F.2d 899 (D.C. Cir. 1971); Travelers Indem. Co. v. Erickson's, Inc., 396 F.2d 134 (5to. Cir. 1968); Associated Hardware Supply Co. v. Big Wheel Distrib. Co., 355 F.2d 114 (3er. Cir. 1965); Archer v. United States, 217 F.2d 548 (9no. Cir.), certiorari denegado 348 U.S. 953 (1954); Connelly v. Wolf Block, Schorr & Solis-Cohen, 463 F.Supp. 914 (D.Pa. 1978). Claro está, corresponde al tribunal de instancia determinar, en el sano ejercicio de su discreción, si la adjudicación parcial de los hechos que no están en controversia contribuye a los postulados de economía procesal y a la simplificación de los asuntos a dilucidarse en el juicio plenario. Wright, Miller & Kane, op. cit., págs. 460-61. Véanse también Durant v. Traditional Investments, Ltd., 135 F.R.D. 42 (D.N.Y. 1991); Morris v. Parke. Davis & Co., 667 F.Supp. 1332 (D.Cal. 1987); SFM Corp. v. Sundstrand Corp., 102 F.R.D. 555 (D.Ill. 1984); Goodrich v. González, 451 F.Supp. 747 (D.N.Y. 1978); Burgans v. New York Cel. R.R. Co., 192 F.Supp. 222 (D.N.Y. 1961); Chorbajian v. Pan Am. World Airways, Inc., 19 F.R.D. 321 (D.N.Y. 1956). Así, se ha decidido que no procede la adjudicación parcial los hechos materiales incontrovertidos planteados en mociones de sentencia sumaria cuando la adjudicación puede hacerse sin demora en la conferencia con antelación al juicio y el promovente no la solicitó *636 de forma oportuna, Williams v. Sinclair, 529 F.2d 1383 (9no. Cir.), certiorari denegado 426 U.S. 936 (1975); cuando los hechos materiales susceptibles de ser adjudicados por la vía sumaria están demasiado entrelazados con los hechos en controversia, Berman v. Royal Knitting Mills, Inc., 86 F.R.D. 124 (D.N.Y. 1980); Woodruff v. Lavine, 399 F.Supp. 1008 (D.N.Y. 1975); cuando la adjudicación sumaria parcial no limitaría los asuntos a ser cubiertos en el juicio, Meschino v. International Tel. & Tel. Corp., 563 F.Supp. 1066 (D.N.Y. 1983); o cuando la adjudicación sumaria parcial sólo dispondría de alguna alegación de derecho de la parte promovida y quedarían sin resolver hechos en controversia que son relevantes para la defensa de dicha parte. First Federal Savs. & Loan Assn. of Gadson County v. Peterson, 521 F.Supp. 416 (D.Fla. 1981).
-C-
E1 tribunal apelativo utilizará los mismos criterios que el tribunal de instancia al determinar si procede una sentencia sumaria. Electro-Mechanical Corp. v. Ogan, 9 F.3d 445 (6to. Cir. 1993); Lett v. Magnant, 965 F.2d 251 (7mo. Cir. 1992); Burnett v. Dow Chem. Co., 849 F.2d 1269 (10mo. Cir. 1988); Helm v. Western Maryland Ry. Co., 838 F.2d 729 (4to. Cir. 1988); Gatx Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711 (5to. Cir. 1985); Continental Cas. Co. v. City of Richmond, 763 F.2d 1076 (9no. Cir. 1985); Mercantile Bank & Trust Co. v. Fidelity & Deposit Co., 750 P.2d 838 (11er Cir. 1985); Burtnieks v. City of New York, 716 F.2d 982 (2do. Cir. 1983); Smith v. Our Lady of the Lake Hosp., Inc., 639 So.2d 730 (La. 1994); O'Cain v. Harvey Freeman & Sons, Inc., 603 So.2d 824 (Miss. 1991); Baugham v. American Tel. & Tel. Co., 410 S.E.2d 537 (S.C. 1991); Reagan v. Union Oil Co. of California, 675 P.2d 953 (Mont. 1984); Wright, Miller & Kane, op. cit., Vol. 10, 2da ed., § 2716, pág. 643.
Sin embargo, al revisar la determinación de instancia, el tribunal de apelación está limitado de dos maneras: Primero, sólo puede considerar los documentos que se presentaron ante el foro de instancia. Las partes no pueden añadir en apelación exhibits, deposiciones o afidávits que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez anté el foro apelativo. Vaughn v. Sexton, 975 F.2d 498 (8vo. Cir.), certiorari denegado 122 L.Ed.2d 664 (1992); O.R.S. Distilling Co. v. Brown-Forman Corp., 972 F.2d 924 (8vo. Cir. 1992); Lippi v. City Bank, 955 F.2d 599 (9no. Cir. 1992); Topalian v. Ehrman, 954 F.2d 1125 (5to Cir. 1992); Welch v. Celotex Corp., 951 F.2d 1235 (11er. Cir. 1992); Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America, 935 F.2d 1152 (10mo. Cir. 1991); Nissho-Iwai Am. Corp. v. Kline, 845 F.2d 1300 (5to. Cir. 1988); Voutour v. Vitale, 761 F.2d 812 (1er Cir. 1985); Kriegsmann v. Barry-Wehmiller Co., 739 F.2d 357 (8vo. Cir.), certiorari denegado 469 U.S. 1036 (1984); Tarpley v. Greene, 684 F.2d 1 (D.C. Cir. 1982); Drexel v. Union Prescription Centers, Inc., 582 F.2d 781 (3er. Cir. 1978); City of Highland Park v. Train, 519 F.2d 681 (7mo. Cir.), certiorari denegado 424 U.S. 927 (1975); Ramsey v. United States, 463 F.2d 815 (D.C. Cir.), certiorari denegado 421 U.S. 913 (1972); Marion County Co-op. Assn. v. Carnation Co., 214 F.2d 557 (8vo. Cir. 1954); Hackner v. Morgan, 130 F.2d 300 (2do. Cir.), certiorari denegado 317 U.S. 691 (1942); Wright, Miller & Kane, op. cit., Vol. 10, 2da ed., § 2716, pág. 651. Véanse también, e.g:, Ortiz Torres v. K. & A. Developers, Inc., Opinión de 25 de mayo de 1994, 94 J.T.S. 78, pág. 11993; Autoridad sobre Hogares v. Sagastivelza, 71 D.P.R. 436, 439 (1950). Segundo, el tribunal apelativo solamente puede determinar si existe o no alguna controversia genuina de hechos materiales y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales en disputa. Esa tarea le corresponde al foro de instancia. New York v. United States, 942 F.2d 114 (2do. Cir. 1991), revocado en parte por otros motivos 120 L.Ed.2d 120 (1992); Kort v. Western Sur. Co., 705 F.2d 278 (8vo. Cir. 1983); Ed Houser Enterprises, Inc. v. General Motors Corp., 595 F.2d 366 (9no. Cir. 1978); Yazzie v. Olney, Levy, Kaplan & Tenner, 593 F.2d 100 (9no. Cir. 1979); Exnicious v. United States, 563 F.2d 418 (10mo. Cir. 1977); Central Oil & Supply Corp. v. United States, 557 F.2d 511 (5to. Cir. 1977); Goodman v. Mead Johnson & Co., 534 F.2d 566 (3er. Cir.), certiorari denegado 429 U.S. 1038 (1976); United States v. General Motors Corp., 518 F.2d 420 (D.C. Cir. 1975); Wright, Miller & Kane, op. cit., Vol. 10,2da ed., § 2716, págs. 655-56.
Ahora bien, si determinamos que el tribunal no ha adjudicado los hechos materiales incontrovertidos bajo la Regla 36.4, podemos devolver el caso con instrucciones de que se haga; no debemos hacerlo nosotros. De lo contrario, nos convertiríamos en el foro que por primera vez adjudicó los hechos probados en el caso, tarea encomendada por la Ley de la Judicatura y la Regla 36 de Procedimiento Civil al Tribunal de Primera Instancia.
III
*637 Por todo lo ya señalado, creemos que el tribunal de instancia estuvo en lo correcto al denegar las solicitudes de sentencia sumaria. Sin embargo, encontramos que en este caso no existen factores que aconsejen que el foro de instancia no señale los hechos probados. La ausencia de tales factores hace mandatorio que ordenemos que el tribunal haga dicho señalamiento. Su omisión contradice el mandato de la Regla 36.4 y dificulta nuestra labor revisora ya que no sabemos con exactitud qué controversia de hechos, si alguna, detectó el tribunal. Tampoco contribuye al principio de economía procesal que enuncia nuestro cuerpo de reglas, pues obliga a las partes a prepararse para demostrar hechos sobre los cuales no hay disputa. Además, el silencio del tribunal desalienta cualquier estipulación entre las partes, pues cada bando seguirá aferrado a su versión particular de los hechos, no importa cuán débil sea la prueba que la respalde.
Como regla general, ausente un dictamen fundamentado con un señalamiento de hechos que no están en disputa y los que sí lo están, no nos corresponde a nosotros suplir esa omisión mediante el señalamiento de hechos en controversia y la elaboración de fundamentos para denegar la moción de sentencia sumaria. Se impone entonces que el tribunal señale los hechos incontrovertidos, lo que permitirá a las partes saber con exactitud lo que queda pendiente para juicio y porqué se denegaron sus solicitudes de sentencia sumaria.
La omisión del tribunal de cumplir con su obligación de hacer el señalamiento de hechos al que se refiere la Regla 36.4 de Procedimiento Civil no amerita la revocación de su dictamen denegatorio,' por lo que no es necesario que la parte recurrida nos persuada de que no procede el remedio que nos solicitan los peticionarios. El error señalado, la denegatoria de la sentencia sumaria, no se cometió. Podemos, pues, resolver sin más trámite. Regla 53.11 de Procedimiento Civil, adicionada por la Ley Núm. 249 de 25 de diciembre de 1996; Regla 7(B)(5) de nuestro Reglamento de 25 de abril de 1996. Sin embargo, es menester instruir al foro de instancia que cumpla con el mandato de la Regla 36.4.
Por lo tanto, se expide el auto de certiorari, se confirma la resolución recurrida que denegó la sentencia sumaria solicitada y se devuelve el caso al Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Germán, para que éste señale bajo la Regla 36.4 de Procedimiento Civil cuáles de los hechos enumerados en la moción de sentencia sumaria de los codemandados-peticionarios Padilla-Vélez están controvertidos y cuáles no. Al hacer ese señalamiento, el tribunal no tendrá que formular determinaciones de hechos en su resolución. Bastará con que se refiera a los números asignados a cada hecho bien alegado en la moción. No será necesario presentar prueba en el juicio sobre los hechos que el tribunal declare incontrovertidos.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 96DTA160
1. Esa es la cabida que alega el demandante-recurrido Arroyo Irizarry en el noveno párrafo de su demanda enmendada.
2. La Regla 43.2(a) de Procedimiento Civil indica que el tribunal no tiene que hacer determinaciones de hechos en sentencias sumarias bajo la Regla 36. Eso se debe a que las partes han determinado por sí mismas cuáles son los hechos que no están en controversia. A esos efectos, es deseable y conveniente que la parte que promueve la moción enumere claramente tales hechos en su moción, con una referencia a los documentos que establecen cada hecho, de manera que el tribunal pueda hacer referencia a los hechos según enumerados sin tener que incluirlos en su sentencia sumaria, tal y como se lo permite la Regla 43.2(a).